## HOLT *v.* STATE.

### (*Knoxville.*    October 3,   1891.)

1· CRIMINAL PRACTICE. *Election by State must be made, when.*

Where, under an indictment charging the offense of unlawfully carrying a pistol, in a single count, the State introduces evidence of the commission of that offense by the defendant at several different times and places, it is reversible error for the Court to refuse to compel the State, on defendant's motion, to elect and state for which of the several offenses conviction will be sought.

2. SAME. *As to admitting evidence of other distinct offenses.*

Under an indictment charging the defendant, in a single count, with unlawfully carrying a pistol, it is competent for the State to prove several distinct offenses committed at different times and places, but, upon defendant's motion asking it, the Court must require the State to elect and state the occasion for which conviction will be sought, and exclude from the jury all evidence relating to carryings on other occasions. The same rule applies to liquor and gaming cases.

Cases cited: Wright *v.* State, 4 Hum., 194; Hampton *v.* State, 8 Hum., 69; Cash *v.* State, 10 Hum., 111; Boyd *v.* State, 7 Cold., 77; Lawless *v.* State, 4 Lea, 178; Tillery *v.* State, 10 Lea, 35; Foute *v.* State, 15 Lea, 712; Luttrell *v.* State, 85 Tenn., 233.

### FROM   COCKE.

Appeal   in   error   from   Circuit   Court   of   Cocke County.   W.   R.   HICKS,   J.

W. H. JONES for Holt.

ATTORNEY-GENERAL PICKLE for State.

CALDWELL, J. John Holt prosecutes this appeal in error from a judgment of conviction for unlawfully carrying a pistol. The State introduced one witness whose testimony tended to show the commission of that offense at one time and place, and other witnesses whose testimony tended to show a like breach of the law at another time and place. At the conclusion of the whole evidence the defendant moved the Court to require the State to elect which of the two imputed infractions the jury should try him for. That motion was overruled and the entire case submitted for a verdict. The Court's action was erroneous. Election should have been required.

It is usual and entirely permissible for the State, in a prosecution for the unlawful carrying of a pistol, for gaming, or for the unlawful sale of liquor, to introduce evidence of any number of violations not barred, and that, too, though the presentment or indictment have but a single count and charge but one violation, as in this instance. That does not imply, however, that there can be a separate conviction in such a case for every infraction proven, nor that the State, over the timely objection of the defendant, may have a general trial for all of them and a conviction for one. Such a result as that in either event would be contrary to all the precedents.

Testimony tending to show one breach, and another, and another, and so on, is allowed in these small cases for the reason, mainly, that the State may not know in advance which breach can be sufficiently proven; but when all the developments have been made and the evidence on both sides has closed, the defendant who has been arraigned for a single infraction is entitled to have the State make an election and designate the particular one for which it will ask a conviction. Being subject in the given case to conviction for only one offense, the defendant should be tried for only one, and that one the State should particularize when he so demands. Otherwise a verdict of guilty may be returned and an innocent man convicted, when the minds of twelve men have not agreed as to any particular infraction. For instance, some of the jurors may be convinced of this alleged infraction, others of that, and the others of still another, and thus, with the several charges before them, they may all readily concur in a general conviction, when less then half of them believe that any particular charge has been established. A rule of practice which may involve a defendant in a hazard like that is certainly unsound.

This hazard may probably be reduced to a minimum by directing the jury to return a special verdict specifying the breach found to be proven, as was done in the present case; and yet, a defendant, even in that view, would be greatly prejudiced, in

that his counsel, in addressing the jury, would be obliged to discuss, and the jurors, in making up their verdict, would have to consider each alleged breach, which, after all, would be little less than a trial of a defendant on testimony concerning several offenses, when he had been impleaded and arraigned for but one. When the election is made, the Court should withdraw the testimony peculiar to every other supposed violation, and leave the jury to consider only that violation on which the State elects to stand.

The familiar rule that allows the inclusion of more than one offense of the same grade or class in as many separate counts of the same indictment, and a trial on all the counts at the same time (as in *Wright* v. *State*, 4 Hum., 194; *Hampton* v. *State*, 8 Hum., 69; *Cash* v. *State*, 10 Hum., 111; *Boyd* v. *State*, 7 Cold., 77; *Lawless* v. *State*, 4 Lea, 178; *Tillery* v. *State*, 10 Lea, 35; *Foute* v. *State*, 15 Lea, 712, and many other cases), does not justify the action taken in this case; for that rule contemplates a separate charge for each offense, and authorizes a trial for no offense that is not separately charged; in other words, a defendant, under that practice, is put upon his trial for exactly what he is charged with—two, three, or four offenses—nothing else and no more; whereas this defendant was charged with but one offense and tried for two with the power of election in the jury.

Though always allowable, under the rule as to kindred offenses, to unite a charge for forging an instrument with one for publishing it as true, and to try the alleged offender on both charges at the same time (*The People* v. *Reyenlers*, 12 Cow., 425; *Wright* v. *State*, 4 Hum., 197; *Cash* v. *State*, 10 Hum., 113), evidence of the publication is never admissible when only a forgery is charged (*Luttrell* v. *State*, 85 Tenn., 233), because of the other rule protecting a defendant against trial for an offense that is not, or for more offenses than are, charged against him.

No authorities need be cited for the proposition that a defendant cannot be legally tried for two violations of the criminal law when he has been impleaded for but one. That proposition is fundamental and axiomatic, and by it the present case is controlled.

Reverse and remand.