## CARNES JAMISON v. STATE.

*(Jackson.* April Term, 1906.)

**1. AGE OF CONSENT LAW.** Each carnal knowledge is a separate, substantive offense; but evidence of acts other than that charged is competent.

While under the age of consent law, each unlawful act of carnal knowledge is a separate substantive offense, yet in prosecutions for the violation of such law and cognate crimes, evidence of other acts of illicit sexual intercourse, both prior and subsequent to the act charged in the indictment, is competent, as tending to establish the commission of. the particular act under examination, as corroborative of the evidence of witnesses thereto, and for the purpose of showing the relation of the parties; but the court should limit the scope and purpose of such evidence. *(Post, pp.* 61, 62.)

Acts cited and construed: 1901, ch. 19.

Cases cited and approved: Holt v. State, 107 Tenn., 541; Sykes v. State, 112 Tenn., 572.

**2. SAME.** Same. State required to elect upon which offense a conviction will be sought.

Where, in a prosecution for the violation of the age of consent law, the State is permitted to prove several acts of illicit sexual intercourse other than the particular act charged in the indictment, and one act after the age of consent, it is reversible error for the trial judge to refuse to compel the State to elect upon which one of these offenses it will ask for a conviction. *(Post, pp.* 61-67.)

Acts cited and construed: 1901, ch. 19.

Cases cited and approved: Fisher v. State, 33 Tex., 792; Lunn v. State, 44 Tex., 85; Simms v. State, 10 Tex. App., 131; Ham-

Jamison v. State.

ilton v. State (Tex. Cr. App.), 37 S. W., 431; Batchelor v. State (Tex. Cr. App.), 55 S. W., 491; Stone v. State (Tex. Cr. App.), 73 S. W., 956; Powell v. State (Tex. Cr. App.), 82 S. W., 516; Smith v. Commonwealth (Ky.), 60 S. W., 531; State v. Hurd, 101 Iowa, 391; State v. King (Iowa), 91 N. W., 768; Stockwell v. State, 27 Ohio St., 563; Long v. State, 56 Ind., 182; State v. Lancaster, 78 Pac., 1081.

Cases cited and distinguished: Holt v. State, 107 Tenn., 541; Payne v. State, 112 Tenn., 587; State v. McClain, 137 Mo., 314.

3. **SAME. A lewd female in the sense of the provision prohibiting a conviction for carnal knowledge with such, defined.**
   A lewd female, in the sense of the provision in the age of consent law prohibiting a conviction when the female is at the time and before the carnal knowledge a lewd female, is a female guilty of illicit intercourse at and before the time of the alleged commission of the offense charged, no matter with what secrecy said acts may have been committed, and such acts need not be open, public, and notorious; for the offense denounced by said statute is predicated upon the character rather than upon the reputation of the female for chastity and virtue, and there can be no conviction for carnal knowledge of a female who is lewd, privately and secretly, or publicly and notoriously, at the time and before the carnal act charged. (*Post, pp.* 67-71.)

Acts cited and construed: 1901, ch. 19.

Cases cited and approved: Brooks v. State, 2 Yer., 482; State v. Moore, 1 Swan, 136; Commonwealth v. Wardell, 128 Mass., 54; United States v. Bebout (D. C.), 28 Fed., 522; United States v. Males (D. C.), 51 Fed., 41.

4. **SAME. Same. Lewdness of female that bars a conviction must be at and before the carnal act charged; reformation of female.**
   The previous lewdness of the female will not prevent or bar a conviction, where she had reformed, and was not lewd at the

Jamison v. State.

time and before the carnal knowledge; for to prevent a conviction, the female must be lewd at as well as before the carnal knowledge charged. (*Post, pp.* 71, 72.)

Acts cited and construed: 1901, ch. 19.

Cases cited and approved: Scruggs v. State, 90 Tenn., 82; South v. State, 97 Tenn., 496; Griffin v. State, 109 Tenn., 17; State v. Grigg, 104 N. C., 886; Bowers v. State, 29 Ohio St., 542; State v. Carron, 18 Iowa, 372; Robinson v. Powers, 129 Ind., 485.

FROM TIPTON.

Appeal in error from the Circuit Court of Tipton County.—S. J. EVERETT, Judge.

S. E. STEPHENSON, W. A. OWEN, and CHARLES P. SIMONTON & SON, for Jamison.

ASSISTANT ATTORNEY-GENERAL FAW, for the State.

*G. T. FITZHUGH, Special Judge, delivered the opinion of the Court.

Plaintiff in error was indicted in the circuit court of Tipton county at the July term, 1905, for violating the age of consent law. He was tried, convicted, and his punishment fixed at three years in the penitentiary.

---

*Hon. G. T. Fitzhugh was commissioned by the Governor to sit during the illness of Chief Justice Beard.

To secure a reversal of the judgment thus imposed, he has prosecuted proceedings in error to this court. The indictment on which he was tried charged that on March 20, 1905, he had carnal knowledge with Ella Mauldin, a female over twelve and under eighteen years of age. The State was permitted to introduce testimony tending to show several acts of carnal intercourse between Miss Mauldin and the plaintiff in error; three being particularly specified, one after she reached the age of eighteen. At the close of the testimony, defendant moved the court to require the State to elect upon which one of these offenses it would ask for a conviction, and the action of the court in overruling this motion and in failing to limit the scope and purpose of the testimony as to the separate and distinct offenses is made the basis of the first assignment of error. We think this assignment is well taken. In the case of *Sykes* v. *State,* 112 Tenn., 572, 82 S. W., 185, 105 Am. St. Rep., 972, it was held that, in prosecutions for violation of the age of consent law and cognate crimes, evidence of other acts of intercourse both prior and subsequent to the act charged in the indictment is competent, as tending to establish the commission of the special act under examination, as corroborative of the evidence of witnesses testifying thereto, and for the purpose of showing the relation of the parties; but it was distinctly held that, when such evidence was admitted, it was the duty of the trial judge to exercise care in explaining to the jury its purpose and effect, and so limiting it; that "he should be studious-

ly careful to give such instruction." It is true, as con-
tended by the learned attorney-general, that the question
of the right of the defendant to compel the State to elect
did not arise in that case, but the reason for this was
that, after the evidence was introduced, the State recog-
nized this rule, and selected one of the various acts of
intercourse proven upon which to ask a conviction. On
behalf of the State, it is earnestly insisted that the
violation of the age of consent law is a continuous of-
fense, and this seems to have been the view taken by
the learned trial judge, who recognized that the rule
was applicable to small offenses, such as infractions of
the law as to carrying concealed weapons (*Holt* v. *State*,
107 Tenn., 541, 64 S. W., 473), selling liquor without
license, and similar misdemeanors, but held that the of-
fense for which defendant was being tried was contin-
uous in its nature, and the rule was not applicable. In
this the court was in error.

Under the age of consent law, each unlawful act of
carnal knowledge is a separate, substantive offense.
While under a prosecution for one violation of the stat-
ute, evidence of other acts of illicit intercourse between
the same parties may be proven for the purpose and with
the limitation above stated, we find, after a most careful
investigation, that the authorities are practically unani-
mous in support of the right of defendant to require the
State to elect the act of carnal intercourse on which it
would ask a conviction. In the case of *Batchelor* v.
*State,* 55 S. W., 491, the court of criminal appeals of

Jamison v. State.

Texas held that it was error not to require the State to elect upon which act of intercourse it would rely for a conviction of rape on a female under the age of fifteen years, when the testimony showed several acts of intercourse, and the case was reversed on this ground. The court said: "Rape is not a continuous offense. Each act of intercourse constitutes a distinct offense. The question involved was thoroughly discussed in *Lunn* v. *State,* 44 Tex., 85, and was previously decided in *Fisher* v. *State,* 33 Tex., 792. The doctrine announced in this case has been followed in this State without a variant opinion."

The exact question was also involved in the more recent case of *Powell* v. *State,* 82 S. W., 516, decided by the same court; the reversal being based solely on the failure of the court to require the State, upon defendant's motion, "to elect upon which one of the acts of intercourse proved against appellant the State would rely and depend for conviction." See, also, *Hamilton* v. *State* (Tex. Cr. App.), 37 S. W., 431, and *Ernest Stone* v. *State* (Tex. Cr. App.), 73 S. W., 956.

In the case of *Smith* v. *Commonwealth,* 60 S. W., 531, the court of appeals of Kentucky held that, under an indictment for incest, the commonwealth may show in support of it any commission of the offense before the finding of the indictment within the time allowed by the statute of limitations; "but, where different commissions of the offense are in evidence, the commonwealth must elect for which one of them it will prose-

cute, and the court must then instruct the jury that evidence of other commissions of the offense can be considered only for the purpose of corroborating the testimony as to the principal offense."

The rule is also clearly stated in 1 Bishop on Criminal Procedure, sec. 454, where the learned author shows that a more strict rule applies in felonies than in misdemeanors. Sections 459, 461, and 462.

In the case of *State* v. *King,* 91 N. W., 768, a prosecution for rape on a girl under fourteen years of age, the supreme court of Iowa, speaking through Chief Justice Ladd, after recognizing the soundness of the rule admitting proof of other acts of intercourse with the prosecutrix than the one charged in the indictment, said: "But when one offense is charged, and the evidence tends to show that more than one have been committed without eighteen months prior to the presentation of the indictment, the accused has the clear right to know upon which the State will rely for conviction. The object of this rule is: First, to enable the defendant to promptly prepare for and make his defense; and, to protect him by the individualization of the issue in case a second prosecution is brought against him. Whart. Pl. & Prac., 294. In this author's work on Criminal Evidence (section 32), it is said: 'When such offenses are introduced in evidence, the prosecution will be compelled to elect which it will rely on for a conviction.' The right to election is expressly recognized in *State* v. *Hurd,* 101 Iowa, 391, 70 N. W., 613, where it was said: 'While

Jamison v. State.

these different acts were proper as evidence in aid of the particular charge in the indictment, it was, of course, important that the specific act relied on should be known, that a conviction might not be matter of choice between offenses, and to permit the defendant to properly meet the charge.' To sustain the court's ruling by which prosecutrix was allowed to testify to intercourse in the grove, the State insists that it cannot be said that the jury did not convict defendant of that act, instead of the offense alleged to have taken place in the house. This is precisely the difficulty with the ruling — refusing to require an election. No one can tell of which offense the appellant stands condemned. For all that appears, one-half the jury may have convicted him of one crime, and the other half of the other. He had the clear right to be definitely informed upon which the State would demand a verdict of guilty. *Stockwell* v. *State,* 27 Ohio St., 563; *Simms* v. *State,* 10 Tex. App., 131; *Long* v. *State,* 56 Ind., 182, 26 Am. Rep., 19; *Hamilton* v. *State* (Tex. Cr. App.), 37 S. W., 431; 1 Bish. Cr. Pro., 454 et seq."

The rule is also recognized by the supreme court of Idaho in the recent case of *State* v. *Lancaster,* 78 Pa., 1081, which was a prosecution for statutory rape, and was declared to be founded on reason and justice and strongly supported by the authorities. The court said: "It certainly would not be fair to charge the defendant with the crime as having been committed on a certain

117 Tenn—5

date, and then to introduce proof of three crimes of the same class or kind on different dates, and not require the State to elect the one on which the conviction was sought. . . . If the State were not required to elect on which act a conviction was demanded, the question is whether the jury united on a verdict on any one act would be problematical. . . . It will thus be observed that in this class of cases, where other offenses of the same class may be testified to under the exception above noted, the State must elect, and the jury must be informed of, the act for which a conviction is demanded."

Other authorities might be cited to the same effect. The case of *Payne* v. *State,* 112 Tenn., 587, 79 S. W., 1025, relied on by the attorney-general, is not applicable. That was a prosecution for practicing medicine without license, and it was held that the term "practicing," in respect of the subject in connection with which it was used, indicates the pursuit of a business, and that "under such a charge, each several instance of advising patients, prescribing for them, or administering medicine to them, is not necessarily an offense; but these facts all taken together, when considered in connection with the further fact that the defendant had no license to practice, go to prove the charge of practicing without license." And it was accordingly held that the rule announced in *Holt* v. *State,* supra, requiring the State to elect the particular offense or instance upon which to ask a conviction, did not apply. As we have before seen, however, each act of unlawful carnal intercourse is a separate, dis-

tinct, and substantive offense. The case of *State* v. *Mc-Clain*, 137 Mo., 314, 38 S. W., 906, cited by the attorney-general, so far from being in conflict with this view, is, in our opinion, in thorough accord therewith. That was a prosecution under a statute of Missouri making it a felony for any person, to whose care the protection of any female under the age of eighteen years has been confided, to defile her by carnally knowing her while she remains in his care, trust, or employment. The indictment charged the offense to have been committed in Barton county, and the evidence showed that defendant, on different occasions during the four to six weeks the prosecuting witness was under his care at his house in that county, had carnal knowledge of her as often as two or three times a week. It was held that the fact that defendant had theretofore, while en route from her home to his in another county, through which they passed, and while she was under his care and protection, had carnal knowledge of her, was no sufficient reason why he should not have been punished for the offense subsequently committed in Barton county. This is a recognition of the separate and distinct character of the various offenses. The question of the right to compel an election by the State did not arise in that case.

2. Error is next assigned on the following portion of the charge to the jury: "What is meant by 'lewd woman' is one grossly indecent, but to constitute lewdness the gross acts of indecency must be open, public, and notorious." Also: "If you believe from the proof, under the

law as I have defined and explained it to you, that the defendant, Carnes Jamison, had carnal knowledge of Ella Mauldin in Tipton county, Tennessee, before the finding of this indictment, and if you further find from the proof that at the time he had carnal knowledge of her she was then over twelve years of age and under eighteen years of age, and that she was not a bawd, lewd, or kept woman, then I charge you he would be guilty as charged in the indictment, and it would be your duty to convict him." The specific objection urged by counsel for plaintiff in error to this portion of the charge is that it required the defendant, in order to make out a defense on the ground that carnal knowledge was had with a lewd female, to prove gross acts of indecency which were open, public, and notorious. In this connection error is also assigned on the refusal of the trial judge to give in charge to the jury defendant's special instructions 1 and 2, which it is claimed were designed to correct the error pointed out in the portion of the charge above quoted. These requests were as follows: "First: The word 'lewd,' gentlemen of the jury, involves unlawful sexual desire, and means lustful, libidinous, licentious, sensual, and lascivious; second, defendant is not required to prove that the lewdness, as above defined, was open and notorious lewdness, but private acts of lewdness, if proven, constitute a complete defense, if you believe the female was a lewd woman at the time of the unlawful carnal knowledge."

Our age of consent law (Acts 1901, p. 29, c. 19), after

defining the offense and prescribing the penalty, contains the following: "Provided, further, that nothing in this act shall authorize or warrant a conviction when the female over twelve years of age is at the time and before the carnal knowledge a bawd, lewd or kept female." No error was assigned on the definition given by the court to the jury of a "bawd" or "kept" woman, and no sound objection could be offered to his definition of these terms, as they are entirely in accord with the authorities; but we think the learned trial judge was clearly in error in his interpretation of the words "lewd" and "lewdness," and in charging the jury, in effect, that a woman could not be lewd, within the meaning of the statute, unless her acts of indecency were of an open, public, and notorious character. We think the learned trial judge confused the meaning of the term "lewdness" as used in this statute, and its meaning as constituting an offense indictable at common law. The gravamen of the indictable offense of lewdness consists in its open and notorious character and its consequent injurious effect on society, public decency, and good morals. Hence, it has been held in this State that, in an indictment for lewdness, it is essential to charge that the acts constituting the offense were openly and notoriously committed. *State* v. *Moore*, 1 Swan, 136; *Brooks* v. *State*, 2 Yerg., 482. Moreover, as held in the case last cited, the term "lewdness," as an indictable offense at common law, does not necessarily mean illicit intercourse, but any gross indecency which tends

to corrupt the morals of the community. Whereas, the idea clearly intended to be conveyed under the age of consent statute is that of unchastity, in the sense of sexual impurity. And that, too, regardless of whether the acts of lewdness were open and notorious, or consisted of secret or private illicit intercourse. As shown by the case above cited, the term "lewdness" does not in and of itself import indecent acts committed openly, publicly, and notoriously. Otherwise the indictment in the case of *State* v. *Moore,* which omitted averments that the offense was openly and publicly committed, would not have been held bad.

In some States, private acts of illicit intercourse are by statute made indictable offenses; but, where such statutes do not prevail, it is uniformly held that the offense must be alleged to have been committed openly and notoriously—thus showing that the term "lewdness" does not in and of itself necessarily suggest the idea of notoriety. The word "lewd" is defined by our lexicographers as "involving unlawful sexual desire, dissolute; lustful; libidinous," and the Century Dictionary makes lewdness synonymous with impurity, unchastity, licentiousness, sensuality. A similar definition will be found in the American & English Encyc. of Law, 841, 842. "Lewdness is that form of immorality which has relation to sexual impurity." *U. S.* v. *Males* (D. C.), 51 Fed., 41. " 'Lewd' is defined to mean given to the unlawful indulgence of lust; eager for sexual indulgence." *U. S.* v. *Bebout* (D. C.), 28 Fed., 522.

Jamison v. State.

In *Commonwealth* v. *Wardell*, 128 Mass., 54, 35 Am. Rep., 357, it was held that "lewdness is the irregular indulgence of lust, whether public or private."

The purpose of the age of consent law was to protect virtuous young women and to safeguard them against the wiles of the seducer. Under the provision of the act above quoted, if the defendant proves that the female at and before the time of the alleged commission of the offense charged was guilty of lewdness, that is to say, of illicit intercourse, no matter with what secrecy said acts may have been committed, a conviction would not be warranted. In other words, the offense is predicated upon the *character,* rather than the *reputation,* of the female for chastity and virtue. It was clearly not intended that any act of intercourse with a woman whose private life was absolutely impure, and who was and had been secretly indulging in her lust, should be visited with the heavy penalty justly provided in this act for an attack on virtue and innocence. This holding does not mean, as contended by the attorney-general, that "a girl who had yielded to one act of sexual intercourse would be thereafter classed as a lewd female, and the door of reformation would be forever closed in her face, so far as the protection of law was concerned." The language of the proviso of the statute above referred to negatives any such idea. It will be observed that the language is "at *and* before," not "at *or* before." It is not sufficient to show that some time before the carnal knowledge

charged the female was "lewd," but it must be "at" as well as "before."

This construction is in accord with the policy of the law as declared in repeated decisions of this court. *Scruggs* v. *State,* 90 Tenn., 82, 15 S. W., 1074; *South* v. *State,* 97 Tenn., 496, 37 S. W., 210; *Griffin* v. *State,* 109 Tenn., 17, 70 S. W., 61. In these cases it was distinctly held that it was no bar to a conviction for abduction that the female had at some time prior thereto indulged in sexual intercourse, provided she was "at the time living a chaste and virtuous life;" in other words, "if, since prior acts of unchastity, the female had reformed, she reacquires the protection of the statute." The same rule applies to this case. See, also, *State* v. *Grigg,* 104 N. C., 886, 10 S. E., 684; *Bowers* v. *State,* 29 Ohio St., 542; *State* v. *Carron,* 18 Iowa, 372, 87 Am. Dec. 401; *Robinson* v. *Powers,* 129 Ind., 485, 28 N. E., 1112.

For the errors above stated, the case is reversed and remanded.