JOHN VINSON *v.* THE STATE.

(*Jackson.*   April Term, 1918.)

1. CRIMINAL LAW. Evidence of other offenses. Rape.

Under an indictment for violation of the age of consent law, charging an unlawful act committed in the month of September, it was proper to show acts committed in June and December also. (*Post, p.* 71.)

Case cited and approved:  Sykes v. State, 112 Tenn., 572.

2. CRIMINAL LAW. Election.

Where indictmennt charged a particular act of rape, and other acts were shown, the State could be required to elect on which offense it sought a conviction. (*Post, p.* 71.)

3. CRIMINAL LAW. Election by State. Time.

Where indictment charges statutory rape, and several offenses are shown by the evidence, the defendant can require the State to elect any time between the close of the State's evidence in chief and the final submission of the case to the jury, and likewise the State can make a voluntary election as soon as its proof is in. (*Post, p.* 71.)

Cases cited and approved:  Jamison v. State, 117 Tenn., 58;  Holt v. State, 107 Tenn., 539.

4. CRIMINAL LAW. Reversal. Election by State.

Acts 1911, chapter 32, does not prevent reversal for error in refusing to require the State to elect which offense it would rely on for conviction, since such error touched constitutional rights. (*Post, pp.* 71-73.)

Acts cited and construed:  Acts 1911, ch. 32.

FROM McNAIRY.

Error to the Circuit Court of McNairy County.—
S. J. Everett, Judge.

Shelton & Harbert, for plaintiff in error.

Joshua Barton, Assistant Attorney-General, for
the State.

Mr. Justice Green delivered the opinion of the
Court.

The plaintiff in error was indicted for a violation
of the age of consent law.   There was a judgment
of conviction below from which he has appealed in
error.

The indictment charged an unlawful act committed
in the month of September.   Evidence introduced
by the State tended to show the commission of three
such acts, one in June, one in September, and one in
December.   Proof as to these other acts was compe-
tent under *Sykes* v. *State,* 112 Tenn., 572, 82 S. W.,
185, 105 Am. St. Rep., 972.

After all the evidence was in and the opening ar-
gument had been made for the State, counsel for the
defendant below moved that the State be required
to elect for which of said acts it would seek a con-
viction.   The trial judge overruled this motion for

the reason, as he said, that it came too late. We think this was error.

A defendant charged with a particular offense of this character against whom other such offenses are proved is entitled to have the State make an election and advise him upon which offense it will seek a conviction. *Jamison* v. *State,* 117 Tenn., 58, 94 S. W., 675; *Holt* v. *State,* 107 Tenn., 539, 64 S. W., 473.

The reasons given in our cases for requiring an election by the State are that the issue may be individualized in the event a second prosecution is brought against the defendant; that the jury may intelligently consider and make a lawful finding upon some one of the charges against the defendant; and that the defendant may be apprised as to which charge the State will press against him and conduct his defense accordingly.

The defendant may demand this election at the close of the State's evidence in chief. He may demand it before his counsel addresses the jury or he may demand the election before the case is submitted to the jury.

So far as the jury is concerned, it it sufficient if the election is made before they take the case. They will then know for which offense the State seeks a conviction, and will all vote upon guilt or innocence of that particular offense.

. The defendant is entitled to require the election before he introduces any proof so that he can meet by his proof the evidence upon which the State relies.

And as said in *Holt* v. *State,* supra, since defendant's counsel is put to inconvenience if he does not know prior to his argument which charge the State will urge, counsel is entitled to this information before he speaks. The defendant does not waive his right to require an election by delaying his demand up to the time the case goes to the jury. The State can make a voluntary election as soon as its proof is in, and the prosecuting attorney will thus be relieved of any embarrassment and enabled to concentrate his efforts.

We accordingly think that defendant's counsel in this case made the demand for an election in due season and the trial judge improperly denied his motion.

It is urged here that this error was not prejudicial to the defendant, and that under the act of 1911 (Laws 1911, chapter 32), there should be no reversal of the case. We cannot agree to this contention. The error committed immediately touched constitutional rights of the defendant, and he is therefore entitled to a new trial.

Reversed and remanded.