RAYMOND BENTON *v.* THE STATE.

*(Nashville.* December Term, 1928.)

Opinion filed January 21, 1929.

HENSON SCHOOLFIELD and SAM H. FORD, for plaintiff in error.

NAT TIPTON, assistant attorney-general, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Plaintiff in error stands convicted of having unlawful intercourse with the prosecuting witness in May, 1927. At that time the girl in question was thirteen years old, but well developed physically for her age. The plaintiff in error was then seventeen years old, and has proven a good reputation.

The court is reluctant to stamp a girl of such tender age with the stigma of lewdness, yet her own testimony reveals such a character at the date of the trial, containing admission of intimacy with two other men, which she dates as subsequent to her intercourse with plaintiff in error.

The girl is of extremely limited intelligence. She has never attended school, and can neither read nor count. She does not know the number of days in a week nor a month. For these reasons we do not think any argument against her testimony can be based upon the apparent contradiction in her testimony with reference to time.

*(1)* There is no claim that she was induced to yield her virtue to plaintiff in error by argument, persuasion or promise of marriage. She does not claim that she was overreached by assurances of affection. She does not claim to have offered any remonstrance or protest or objection. There was no previous intimacy. A casual call in the absence of her mother, liberties claimed and yielded which terminated in the intercourse, are all that is asserted in her testimony. She experienced no pain, either physical or mental, and the occurrence was repeated on the afternoon of the same day. Very soon thereafter, if not before, as plaintiff in error claims, she had intercourse with Tom Embry, a mature man and her kinsman.

The circumstances of the crime charged, as recounted by the girl herself, certainly do not suggest a previous virtuous life nor do they portray the "wiles of the seducer." *Jamison* v. *State,* 117 Tenn., 58, 71. It is only the age of the prosecuting witness which gives color to the prosecution.

*(2)* The learned trial judge instructed the jury that the girl was not a "bawd" or "kept" female, and left it to the jury to determine whether she was "lewd" at the time of and before her intercourse with plaintiff in error. The statute provides that there shall be no conviction if the female, being over the age of twelve years, "is at the time and before the carnal knowledge a bawd, lewd or kept female." Acts 1911, chapter 36. It would have been better if the trial judge had left it to the jury to apply all three tests to the young woman, in view of the circumstances attending the intercourse charged, and the often repeated admonition against instructions on the facts in criminal trials. *Shipp* v. *State,* 128 Tenn., 499.

276

*(3)* In submitting to the jury the issue as to the character of the girl, the trial judge said: "If the defendant proves that the female, at and before the time of the alleged commission of the offense charged, was guilty of lewdness, that is to say, of illicit intercourse, no matter with what secrecy said acts were said to have been committed, a conviction would not be warranted."

After defining the term "lewd," in accord with the definition in *Jamison v. State, supra,* the charge given to the jury continues: "In other words, Gentlemen of the jury, in order to excuse the defendant, if he did have intercourse with her, it must be shown that she was, in the sense in which I have defined it, a lewd female at and before the time at which he had intercourse with her."

In concluding his statement of the theory of the plaintiff in error, the trial judge authorized the jury to consider the circumstances, above recounted, in determining the character of the girl, and instructed the jury to acquit the plaintiff in error if they should "find" that she was a lewd female or that plaintiff in error did not have intercourse with her at the time charged. There was no instruction to acquit if the jury should entertain a reasonable doubt as to the issue of lewdness.

The usual instructions on the presumption of innocence and burden of proof were given to the jury, and at the conclusion of the statement of the State's theory of the facts, the trial judge said to the jury that it would be their "duty to convict" if they found the facts of the State's theory, including the fact that the girl was not a lewd female, to be established beyond a reasonable doubt.

While stating the "duty" to convict upon proof of chastity beyond a reasonable doubt, the charge does not state the converse, that it was the duty of the jury to

acquit if they entertained a reasonable doubt on that issue. The jury were only instructed to acquit "if it was shown," or "if the defendant proves," or if the jury should "find" that the female was lewd at and before the the time of the offense charged.

(4) In a prosecution of this character, the burden of proof is not upon the State, in the first instance, to affirmatively prove the chastity of the female in question. As in abduction, want of chastity is a matter of defense; but the defense is established when the evidence is sufficient "to generate a reasonable doubt of the fact of such chastity or chaste living." *Griffin* v. *State,* 109 Tenn., 17, 33.

The instruction given to the jury clearly implied that the jury must find as a fact that the issue of chastity was in accord with the contention of the plaintiff in error to *entitle* him to a verdict of not guilty.

The violation of a girl of the age of the prosecuting witness in this case is a thing of horrible import; but the commitment of a youth of eighteen years to the penitentiary for a term of years, to be the associate of criminals and degenerates, is also a serious matter. The dubious aspect of the case before us, together with the youth and previous good reputation of the plaintiff in error, impel us to the conclusion that the plaintiff in error should be granted another trial at which the jury should be more clearly instructed upon his right to be acquitted if the evidence should leave the jury with a reasonable doubt as to the merits of his defense.