AL TAYLOR *v.* THE STATE.*

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

---

*As to evidence of general reputation, see annotation in 14 L. R. A. (N. S.), 714; L. R. A. 1916B, 965; 22 R. C. L., 1209.

HOOPER & CRAWFORD, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a conviction of violation of the age of consent. Plaintiff in error is a married man. The female was only fourteen in September, 1930, the date of the offense named in the indictment. Numerous acts of intercourse between the parties are admitted. A child was born in 1931. The defense is that the female was bawd, lewd or kept at and before the time plaintiff in error had carnal knowledge of her. This was the sole issue of fact. Various facts and circumstances are testified to in support of this defense. The record establishes both that this young female was unusually mature for her years, and that she was guilty of conduct indicative of lascivious and lewd tendencies. Her admitted possession and circulation of certain writings in the record induce this conclusion. We find it unnecessary to review and weigh the testimony as a whole and decide as to the preponderance of the evidence, for the reason that we find it necessary to reverse the case on the ground of exclusion of certain testimony challenged by the fourth and sixth assignments of error.

One Martha Mathis testified to having witnessed an act of intercourse between the female and Carl Taylor, a young brother of the plaintiff in error. She fixed the time in the year 1927, which would make the female somewhat under twelve years of age. Carl Taylor testified to the same effect, identifying the occasion and circumstances given by Martha Mathis, but saying he could not give the date.

In response to objections by the Attorney-General, the Court first admitted the testimony of Martha Mathis, but immediately after, when Carl Taylor was offered, held

that evidence of anything happening when the female was under twelve years was incompetent, saying, "As I construe the Statute she would have to be over twelve years of age, if you are attempting to show that she was a bawd, lewd or kept female,—if she was under that you could not." Then Counsel for the defendant asked: "Does your honor withdraw that other testimony?", evidently referring to the witness Martha Mathis. To which the Court responded, "Anything under twelve years old would not be competent."

While, as suggested by the Attorney-General here, the jury did hear this testimony of both witnesses, and while there is some confusion as to the exact date of the event narrated, viewing the record on this point as a whole, we are constrained to the conclusion that the jury must have felt themselves to be instructed not to regard the testimony of this act of intercourse. Of its materiality there can be no doubt, and we are of opinion that it was admissible on the issue of the character of the female.

The provision of the statute apparently invoked by State's counsel and acted on by the trial Judge (Shannon's Code, sec. 6456) is, "that evidence of the female's reputation for the want of chastity at and before the time of the commission of the alleged offense shall be admissible in behalf of the defendant, but this proviso shall only apply when the female is over fourteen years of age; provided, further, that nothing in this act shall authorize or warrant a conviction when the female over twelve years is at the time and before the carnal knowledge a bawd, lewd, or kept female."

A distinction is to be taken between evidence of "reputation" and evidence of specific acts. It was said in *Jamison v. State*, 117 Tenn., 58, that the offense against which this law is aimed is predicated on character and

not reputation. It is the final proviso of the act above quoted which controls here. There can be no conviction under this act when the proof establishes that at the time and before the carnal knowledge the woman was a bawd, lewd or kept female, and evidence of previous specific acts of intercourse with men other than the defendant is competent to show this character, without regard to the age of the female at the time of the commission of these acts. The youthful age of the female goes only to the weight of the attacking testimony.

For the reasons given, the judgment must be reversed and the case remanded for a new trial.