## Cox *v.* STATE.

*(Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

ROBERT A. TILLMAN and GROVER McCORMICK, both of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from a conviction of lewdness, the penalty being a fine of $750 fixed by the jury and a workhouse sentence of 11 months and 29 days added by the trial court.

The defendant filed a motion for a new trial upon numerous grounds, the first five complaining that the evidence does not support the verdict, and that it shows the defendant's innocence. The sixth complains of error by the trial judge in not requiring the State to elect to try the defendant upon the charge made in the indictment, to wit on January 5, 1954; that it was error to admit evidence of other and similar acts of lewdness, alleged to have been committed at other times. Other grounds for

a new trial relate to error in permitting witnesses to testify as to other separate and specific acts of lewdness. Other grounds for a new trial complained of improper questions being asked the defendant as well as witnesses to his general character.

The several grounds of the aforesaid motion for a new trial, which was overruled, are made assignments of error in this Court.

We pretermit the assignments from one to five, inclusive, which relate to the evidence of the defendant's guilt, and consider others which we think require a reversal of the case. The indictment charged that the defendant committed the offense of publicly and corruptly exposing his penis, to wit, "on the 5th day of January, 1954, and *on divers other occasions* before the finding of this indictment." When the case was called for trial counsel for the defendant moved the court to require the State to "specify beforehand on what offense they are proceeding in this trial", for the reason "the defendant should know before trial on which of these occasions and what occasions he is put to trial for". The trial judge overruled the motion and defendant excepted.

The State introduced Maxine Street Cody, Barbara A. Donnelly, Winnie Sherrod, and Betty Ann Treadwell, who testified to having seen the defendant expose his person on different days.

■ We think the learned trial judge committed error in overruling the defendant's motion to require the State to make an election. The question was expressly decided in *Vinson* v. *State,* 140 Tenn. 70, 72, 203 S. W. 338, 339, as follows:

"The defendant may demand this election at the close of the state's evidence in chief. He may de-

mand it before his counsel addresses the jury or he may demand the election before the case is submitted to the jury.

"So far as the jury is concerned, it is sufficient if the election is made before they take the case. They will then know for which offense the state seeks a conviction, and will all vote upon guilt or innocence of that particular offense."

It might well be argued by the prosecution that the State should not be required to make an election prior to the introduction of its proof in chief inasmuch as the counsel might not be able to determine in advance upon which of the dates the defendant should be put to trial. Conceding as we do that there is some merit in this contention, it rests upon the assumption that there is no duty devolving upon the Attorney General to interview his witnesses before going to trial and thus inform himself about the case. But the right of the defendant to require an election cannot be determined upon the Attorney General's failure to inform himself as to which one of the offenses and upon which date, the State will insist upon a conviction. In the Vinson case, supra, it was held: "The error committed immediately touched constitutional rights of the defendant," and that Code Section 10654 could not be invoked as authority for holding that it was a technical error, one which did not go to the merits of the case and "affected the results of the trial."

Just what is the constitutional right which defendant says has been violated? The question is discussed in a number of our cases. In *Jamison* v. *State,* 117 Tenn. 58, 94 S. W. 675, 676, the Court emphasizes the importance of the rule to the defendant, holding: "* * * it was, of course, important that the specific act relied on

should be known, *that a conviction might not be matter of choice between offenses*". (Emphasis supplied.) "No one can tell of which offense the appellant stands condemned. For all that appears, one half the jury may have convicted him of one crime, and the other half of the other." A still more important reason for the rule is (see 117 Tenn. at page 64, 94 S. W. at page 676,) "to protect him by the individualization of the issue *in case a second prosecution is brought against him.*" (Emphasis supplied). The question of a *second jeopardy* is clearly involved, and requires the State to make an election, so that the defendant may plead it as a protection under the constitution.

■■ While the trial judge was not required to act upon the defendant's motion, made at the beginning of the trial and before the introduction of any evidence, we think he should have sustained it at the conclusion of the State's proof because at that time both the court and the Attorney General had full knowledge of all the evidence to be considered by the jury. The State could and was able at that time to make an election without any embarrassment. As stated in the Vinson case: "They (the jury) will then know for which offense the state seeks a conviction, and will all vote upon guilt or innocence of that particular offense."

■ We are furthermore of opinion that while it was proper to admit the testimony of witnesses relating to other and similar offenses, it was the duty of the court to instruct the jury as to its relevancy and purpose, that is it is not to be considered as proof of guilt of other crimes but as tending to establish the commission of the special act under examination and to corroborate the evidence of witnesses testifying thereto. *Sykes* v. *State,*

112 Tenn. 572 and cases cited on page 578, 82 S. W. 185. To the same effect see *Holt* v. *State,* 107 Tenn. 539, 64 S. W. 473.

The defendant has filed as many as 22 assignments of error. But we deem it unnecessary to discuss them separately, or collectively, since the case is reversed and remanded for a new trial for errors discussed and sustained in this opinion.