**UNITED STATES of America ex rel. John C. BERKERY, Appellant,**

**v.**

**A. T. RUNDLE, Superintendent, State Correctional Inst. Graterford.**

**No. 16780.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Dec. 8, 1967.

Decided March 5, 1968.

As Amended March 8, 1968.

John C. Berkery, pro se.

William D. Hutchinson, Asst. Dist. Atty., Richard B. Russell, Dist. Atty., County of Schuylkill, Pottsville, Pa., for appellee.

Before BIGGS, KALODNER and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The relator asserts that there was (1) "illegal variance from the indictment" and (2) "prejudicial instructions to the jury" in his trial in the Court of Quarter Sessions for Schuylkill County, Pennsylvania.

As to the first issue, there was evidence that far more than the amount of money and property set out in the indictment had been illegally appropriated by Berkery and his co-conspirators. It is the law, however, that a variance between indictment and proof at trial is not prejudicial error and therefore, of course, cannot be grounds for constitutional attack. See United States v. Ragen, 314 U.S. 513, 526, 62 S.Ct. 374, 86 L.Ed. 383 (1942).

In respect to "(2)", the relator asserts that the charge was inconsistent on the subject of the amount allegedly illegally appropriated by Berkery and his co-conspirators. There was inconsistency but it favored Berkery for the trial judge instructed the jury that if they found that only $3100 or $3200 had been illegally appropriated, Berkery should be acquitted.

The relator also asserts that the court below in its opinion erred in stating under that paragraph designated "Second", "It must be remembered that the statement of the relator himself was introduced into evidence and that this statement contained an admission of the [taking of a] larger amount.", than the amount of money and property alleged to have been illegally appropriated by Berkery as set out in the indictment. We find no support in the record of Berkery's trial in the Court of Quarter Sessions for Schuylkill County, Pennsylvania, for the statement made by the court below. There was evidence from Richard Blaney, a brother of Vincent Blaney, one of the co-conspirators, that the relator told him of his, Berkery's, taking a large amount of money and property from the Rich safe in Scranton but this was not an admission or statement by Berkery. The relator asserts that this erroneous statement of the court below is of sufficient magnitude to require reversal. We cannot agree. The judgment of the court below will be affirmed.