Roy ANDERSON, Petitioner,

v.

Warden Aileene LOVE, et al.,
Respondents.

Civ. A. No. 3:86–0519.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 20, 1986.

On Exhaustion of Remedies
Dec. 22, 1986.

On Double Jeopardy Feb. 25, 1987.

As Amended March 19, 1987.

**1280**

Michael P. Williamson, Nashville, Tenn., for petitioner.

Jerry Smith and William Barry Wood, Asst. Attys. Gen., State of Tenn., Nashville, Tenn., for respondents.

### ORDER

NEESE, Senior District Judge, by designation and assignment.

The petitioner Mr. Roy Anderson, who is in state-custody within this district, seeks federal habeas corpus relief from his convictions of March 21, 1984 in the Davidson County, Tennessee Criminal Court. 28 U.S.C. § 2254(a). In support of such petition, Mr. Anderson asserts six grounds, and he alleges that each such ground was presented to the courts of Tennessee on direct-appeal.

It not appearing plainly upon preliminary consideration from the face of the petition that the petitioner is not entitled to relief in this Court, it hereby is

ORDERED that the respondent file an answer to such petition within 20 days herefrom. Rules 4, 5, Rules—§ 2254 Cases. (If the respondent should contend the petitioner has not exhausted his available state-remedies, he may file an answer limited to such issue and will be allowed additional time in which to supplement such limited answer in the event the Court should find that the petitioner has exhausted his available state-remedies.)

### ON EXHAUSTION OF REMEDIES

The respondent-warden has expanded the record herein, Rule 7(a)—§ 2254 Cases; see order herein of October 27, 1986, which reflects that the applicant's application for permission to appeal farther was denied by *per curiam* of September 30, 1985 of the Supreme Court of Tennessee. *See* 28 U.S. C. § 2254(c). This enlargement enables the Court to consider farther the issue of whether the petitioner exhausted his available state-remedies. 28 U.S.C. §§ 2254(b), (c).

The three remaining claims asserted by the petitioner herein, *see* order of October 27, 1986, herein, are that he is in the custody of the respondent-warden pursuant to his judgment of conviction under counts 3 and 4 of the indictment returned against him in violation of the federal Constitution, Fifth Amendment, Right Against Double Jeopardy Clause. The respondent-warden now contends that these claims were presented to the appellate courts of Tennessee "as a matter of state law while they are presented in the instant petition as federal constitutional claims" and, thus, that the petitioner has not exhausted his available state-remedies.

It is true that: "28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim * * *" and, as such respondent urges: "It is not enough that all the facts necessary to support the federal claim were before the state courts * * * or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277[1], 74 L.Ed.2d 3 (1982).

■ The petitioner claims to this Court now that his right against double jeopardy guaranteed by the federal Constitution, Fifth Amendment, *supra,* was infringed when the trial Court failed to require the prosecuting attorney to elect which offense [1] of aggravated rape of Ms. Melisa Hamilton between April, 1980 and March, 1982 the state of Tennessee was relying on for conviction under count 3 of the indictment under which he was being tried. The prosecuting attorney announced it was relying on some otherwise unspecified offense of "oral penetration."

Tennessee has long required its prosecutors to elect the specific offense upon which a verdict of guilty will be demanded for the reason, *inter alia,* of protecting a defendant in a criminal case "from double jeopardy by individualization of the issue."

---

**1.** The evidence reflected that, on the day Ms. Hamilton registered for the fourth grade in school, the petitioner made her suck his penis, an act which she testified "happened on more than one occasion" within the period covered by the foregoing count.

*Burlison v. State,* 501 S.W.2d 801, 803 (Tenn.1973), citing *inter alia Jamison v. State,* 117 Tenn. 58, 94 S.W. 675 (1906). Upon the trial judge is cast in a criminal trial in Tennessee the duty to require the prosecution, "at the close of its proof-in-chief, to elect the particular offense of carnal knowledge upon which it w[ill] rely for conviction, and to properly instruct the jury so that the verdict of every juror w[ill] be united on the one offense." *Ibid.,* 501 S.W. 2d at 804[2].

The petitioner presented this question of double jeopardy to the Court of Criminal Appeals of Tennessee which found no reversible error in the incompleteness of the prosecution's "election", let alone a violation of the federal—or state—Constitutions. That Court stated:

[T]he defense in this case was a denial that any act of a sexual nature was ever committed by the defendant [the petitioner, here] on the child. There is no showing in this record that the defendant was frustrated or hampered in the presentation of his defense. It is true, as the defendant claims, that the state's failure to elect a date for the offense upon which it relied makes it impossible to determine which offense the jury found guilt upon or whether all [jurors] convicted on the same offense. However, we do not deem this to vitiate the verdict of the jury in this case. The evidence was sufficient to support a finding of guilt beyond a reasonable doubt on all of the offenses shown in the proof. We can therefore find that the defendant * * * is not denied *the constitutional protection requiring his guilt must be shown beyond a reasonable doubt.*

In *State v. Hardin,* [691] S.W.2d [578] (Tenn.Cr.Appl.1985) (publication requested), we held that the defendant would be protected from a subsequent prosecution, under the double jeopardy clause, for any claimed offense against an alleged

victim in an indictment which specified the offense occurred within the times alleged in the indictment. * * * [T]his defendant would be protected against further prosecution for alleged offenses against the victim set out in the third count of this indictment * * *.

*State of Tennessee,* appellee, *v. Roy Anderson,* appellant, C.C.A. no. 84–187, op. of June 7, 1985, at pp. 2–3 (emphasis added by this writer). It would appear that such Court disposed of the argument relating to double jeopardy advanced by the petitioner by concluding that, even so, he was not deprived of his federal-constitutional right not to be found guilty as charged except beyond a reasonable doubt.

When the petitioner presented his double-jeopardy claims to the intermediate criminal appellate Court of Tennessee and that Court passed on them in the context of another provision of the federal Constitution, the petitioner had done all he could to exhaust state remedies in that regard. *Elliott v. Morford,* 557 F.2d 1228, 1232[4] (6th Cir.1977), *cert. den.,* 434 U.S. 1040, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978).

■ He makes the same claims of deprivation of his federal right against double-jeopardy in relation to the alleged failure of the trial judge to require the attorney prosecuting him to specify particularly the time of the occurrence of each offense with which he was charged and in relation to the variance between the respective times he is alleged in counts 3 and 4 of the indictment to have committed the offenses charged and the respective times shown therein by the evidence. The latter argument was disposed of by the intermediate criminal appellate Court of Tennessee on the basis of the sufficiency of the evidence to convict the petitioner under each of such counts, *ibid.,* op. at p. 2, and the former argument [2] was disposed of by that Court on the basis that it had "dealt with the double jeopardy issue on the previous assignments" of er-

---

**2.** It is reversible error for a trial Court to deny, prior to trial, a proper motion for a bill of particulars, *Roviaro v. United States,* 353 U.S. 53, 65 n. 15, 77 S.Ct. 623, 630, 1 L.Ed.2d 639 (1957); and among the reasons therefor is to "'create a record that would later permit the defendant to made an effective plea of double jeopardy, if that became necessary,'" *State v. Hicks,* 666 S.W.2d 54, 58 (Tenn.1984) (reversing a conviction also for aggravated rape on that ground).

ror and found "no error in this regard." *Ibid.*, op. at p. 4.

That Court cited for the proposition: "the election of the State to rely upon oral penetration without specifying the date thereof was not error even though the evidence showed the act was committed on divers dates during the times alleged in the indictment," *ibid.*, op. at p. 2, its own decision in *State v. Fears*, 659 S.W.2d 370 (Tenn.Cr.App.1983) *permis. app. den.* by S.Ct. of Tenn. (1983). More than one offense of oral-penetration was alleged in the evidence herein, and it was "necessary for the State to designate a *particular* offense." *Ibid.*, 659 S.W.2d at 374 (emphasis added by this writer); a particular individualization which could with facility have been alleged here would have been the individualization that such offense occurred on the "day when the appellant [petitioner] took her [Ms. Hamilton] to register at [Granberry] school for the fourth grade."

The petitioner was convicted of the crimes charged in four counts of the indictment and sentenced to 20 years for aggravated sexual battery under count one; one year for assault with intent to commit sexual battery under count two; life imprisonment for aggravated rape under count three; and one year for (another charge of) assault with intent to commit sexual battery under count four. All those sentences were made to run concurrently with one another.

■ The question of deprivation of the petitioner's right against double-jeopardy now before this Court was raised satisfactorily in the Court of Criminal Appeals of Tennessee and, albeit with gross ineptitude, in the Supreme Court of Tennessee. This Court disagrees with the respondent-warden that the petitioner has not presented fairly such question to the courts of Tennessee by reliance on Tennessee authorities. Justice Fones made it clear in *Burlison v. State, supra,* that the necessity of requiring the prosecuting attorney to make an election of the particular offense on which the prosecution will rely for conviction in sexual cases of this variety is "fundamental, immediately touching the constitutional rights of an accused," 501 S.W.2d at 804[1].

He alluded to *Jamison v. State, supra,* as having established the requirement of election of "the specific offense upon which a verdict of guilty would be demanded" by the prosecution for the "fundamental" reason of protecting an accused person's right to protection from double-jeopardy "by individualization of the issue" as well as to enable that person to prepare-for and make a defense "to the specific charge," and to assure that the jury's verdict may not be a matter of choice between offenses, "some jurors convicting on one offense and others, another," *Burlison* at 803.

Reference was also made to *Cox v. State*, 196 Tenn. 624, 270 S.W.2d 182 (1954), which Justice Fones stated "relied upon the decision in *Jamison v. State* and *Vinson v. State, supra* [140 Tenn. 70, 203 S.W. 338 (1918)] emphasizing the fact that this requirement touches the constitutional rights of the defendant for the three reasons given in *Jamison.*" *Burlison,* at 803. None of these Tennessee authorities appear to make direct reference to the federal right against double-jeopardy; but, it can hardly be inferred from such omission that the Supreme Court of Tennessee was making reference solely and alone to the state-right against double-jeopardy.

"No person shall * * * be subject for the same offense to be twice put in jeopardy of life and limb. * * *" *Constitution, Fifth Amendment, supra.* In addition to the protection of the Constitution of Tennessee, Mr. Anderson, a Tennessean, had this protection of the federal Constitution through its Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062[9], 23 L.Ed.2d 707 (1969), and was protected against a second prosecution for the same offense after having been convicted of that offense one time earlier, *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076[1], 23 L.Ed.2d 656 (1969), citing *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889).

There is no way of knowing whether the jury convicted Mr. Anderson of the offense charged in count three or in count four of

the indictment on which he was tried before being put in jeopardy under the other count for the same offense, or *vice versa.* In any event, after having been convicted under one of those counts, he claims he was placed in jeopardy as to the other.

It is the opinion of this Court from the brief of Mr. Anderson submitted to the Supreme Court of Tennessee, *cf. Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 598–599, 54 L.Ed.2d 582 (1978), that he presented fairly to that Court (as he had to the Court of Criminal Appeals of Tennessee) as federal questions his claims of a deprivation of his federal right against double-jeopardy. Accordingly, the motion of the respondent for a dismissal of his petition on that ground hereby is DENIED.

The respondent hereby is ALLOWED 20 days in which to respond farther as to the merits hereof, *see* order of June 20, 1986 herein.

## ON DOUBLE JEOPARDY

The respondent warden has now addressed the merits of the petition herein, *see* order herein of December 22, 1986. It appearing that an evidentiary-hearing is not required, the Court shall "make such disposition of the petition as justice shall require." Rule 8, Rules—§ 2254 Cases.

(Mr. Anderson's first two double-jeopardy claims will be considered together:) He claims that his federal-constitutional right not to be put in jeopardy twice for the same offense was violated because the state of Tennessee was not required to elect which offense it was relying upon under count 3 of the indictment returned against him, or to set forth specifically the date of such offenses charged.

While, arguably, the above-cited failures may constitute a violation of the laws of Tennessee, see *Burlison v. State,* 501 S.W.2d 801, 803 (Tenn.1973) and *State v. Hicks,* 666 S.W.2d 54, 58 (Tenn.1984) (see also order herein of December 22, 1986, pp. 3, 6,) the only issue before this Court is whether such failures violated Mr. Anderson's federal-constitutional rights.

■ Under Tennessee law, Mr. Anderson is protected from further prosecution for any of the offenses charged within the times specified in the indictment. *State v. Hardin,* 691 S.W.2d 578, 580 (Tenn.Crim. App.1985). Furthermore, it is now clear after the further expansion of the record herein, Rule 7(a), Rules—§ 2254 Cases, that the offense charged in counts 3 and 4 of the indictment involved two *different* victims; thus, it is now clear that Mr. Anderson was, and is, protected "against a second prosecution for the same offense after [his] conviction." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076[1], 23 L.Ed.2d 656 (1969).

■ As to the claimed variance between the times alleged in counts 3 and 4 of the indictment and the time shown by the evidence adduced at trial, "[i]t is the law * * * that a variance between indictment and proof at trial is not prejudicial error and therefore, of course, cannot be grounds for constitutional attack." *United States v. Rundle,* 390 F.2d 599, 600[1] (3d Cir.1968), *cert. den.,* 392 U.S. 913, 88 S.Ct. 2072, 20 L.Ed.2d 1371 (1968), citing *United States v. Ragen,* 314 U.S. 513, 526, 62 S.Ct. 374, 379–380, 86 L.Ed. 383 (1942). Therefore, this Court FINDS that Mr. Anderson's conviction by the state of Tennessee under counts 3 and 4 of the indictment returned against him was not in violation of the federal Constitution, Fifth Amendment, Right Against Double Jeopardy Clause.

The petitioner Mr. Roy Anderson hereby is DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which WILL issue because of the nature of the legal issues implicated herein. *Id.*