**STATE of Tennessee, Appellee,**

v.

**Carson MITCHELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 26, 1987.

Billy P. Sams, Irving & Sams, P.A., Oak Ridge, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right by Carson Mitchell from a jury conviction of three counts of aggravated sexual battery, for which appellant received an effective sentence of seven years, and one count of extortion for which appellant was sentenced to two years to run consecutively with the former sentences. Appellant raises four issues, challenging the sufficiency of the evidence, the failure of the State to make an election as to a particular offense, the trial court's instructions to the jury, and the trial court's imposition of consecutive sentences.

The view we take in this case renders it unnecessary that we consider appellant's first, third and fourth issues. We pretermit these and pass directly to the following contention of appellant:

Whether the failure to have the State make an election as to a particular offense was a reversible error.

Although the indictment in this record shows the names of the victims inexplicably strickened, it appears from the briefs submitted that during the April Term 1985, the Anderson County Grand Jury returned a multicount indictment against the defendant charging him with the aggravated rape of twin sisters, who were age ten at the time of the trial. Appellant was also charged with the aggravated rape and extortion of the twins' cousin, who was age nine at the time of trial.

Prior to trial, the State filed a notice of *nolle prosequi* as to three counts of the indictment. Additionally, the State amended the indictment by deleting references to offenses of the "summer of 1984" and "summer of 1985" and substituting the "summer of 1982". Given these indictment amendments, supported by the opening statements of the prosecutor, it appeared that the State intended to try the defendant for a single incident of aggravated rape of each victim and for the extortion of the cousin, which occurred during the summer of 1982.

At trial, each of the victims testified that they had been raped on multiple occasions and threatened by the appellant. Although their testimony focused upon an incident when the appellant was alleged to have raped all three on a berry picking outing, each victim's testimony alleged multiple sexual advances. This testimony was supported by that of numerous expert witnesses who had examined or counseled the children.[1]

At the conclusion of its case in chief, the State did not make an election as to which incidents would be submitted to the jury, nor were instructions given *sua sponte* by the trial court. Consequently, several hours after the jury had gone into deliberation, they returned to the courtroom to inquire, "Are the charges against Mr. Mitchell to pertain only to the berry picking episode, or an extended period of time during that summer?" Again, the trial court failed to require the State to make an election or properly instruct the jury.

The appellant asserts that since the State's proof alleged multiple instances of aggravated rape against each of the three

---

1. The State introduced two physicians, neither of which could testify beyond a medical certainty that the victims had been penetrated. Hence, appellant's conviction for aggravated sexual battery.

children, it was necessary for the State to designate a particular offense upon each victim to submit to the jury for their determination of his guilt or innocence. The State submits that the appellant's contention is without merit, citing a lack of variance between the indictment and the proof. We find merit in appellant's argument and conclude that the trial court committed reversible error by failing to require the State to make such an election at the conclusion of the State's proof-in-chief.

In *Jamison v. State*, 117 Tenn. 58, 94 S.W. 675 (1906), our Supreme Court, reviewing facts materially similar to those before us, held that each unlawful act of carnal knowledge is a separate, substantive offense. The Court further held that the State could be required to elect the specific offense upon which a verdict of guilty would be demanded for the following three fundamental reasons:

1) To enable the defendant to prepare for and make his defense to the specific charge;

2) To protect him from double jeopardy by individualization of the issue; and

3) So that the jury's verdict may not be a matter of choice between offenses, some jurors convicting on one offense and others, another.

The appellant does not complain about variance or even a lack of specificity of the date of the offense. Rather, he complains about the lack of specificity with the particular offense. This Court has stated:

"In making an election, it does not require the State to specify the date of the offense for which it will ask conviction, but it is necessary for the State to designate a particular offense. Often, this is done by specifying a date when the record reflects that several offenses were committed on different dates." *State v. Fears*, 659 S.W.2d 370, 374 (Tenn.Crim.App.1983).

The Supreme Court has found that the necessity for requiring the State to make an election of the particular offense it will rely on for conviction is fundamental, immediately trenching the constitutional rights of an accused, and should not depend upon his demand therefor. *Burlison v. State*, 501 S.W.2d 801, 804 (Tenn.1973). The Court further held that it was the duty of the trial judge to require the State, at the close of its proof-in-chief, to elect the particular offense of carnal knowledge upon which it would rely for conviction, and to properly instruct the jury so that the verdict of every juror would be united on the one offense. *See Burlison, Id.*

In the case *sub judice*, the indictments charged the appellant with the aggravated rape of each victim during the summer of 1982. It was the State's theory, and the testimony of several witnesses, that the appellant raped each of the victims on multiple occasions. The State, at the close of its proof-in-chief, did not elect the particular offense of carnal knowledge upon which it would rely for convictions. The trial court did not direct the State to make an election, nor were instructions given *sua sponte* by the trial court. All of the above, and particularly the jury's question to the trial court, obviate the resulting prejudice suffered by the appellant.

We hold, therefore, that reversible error has occurred as to the sexual battery offenses. This ruling undermines the interrelated extortion conviction requiring that it also be vacated and remanded for a new trial. Further, we note that the names of the victims in the indictments have been blacked out in the record before us. In such circumstances, there is no evidence before this Court as to which of the children was the alleged victim of the extortion.

Accordingly, the judgment of the trial court is reversed and remanded for new trial consistent with this opinion.

CORNELIUS and SCOTT, JJ., concur.