## THE PEOPLE v. HENRY CUMMONS.

### Enticement for prostitution.

The words "concubinage" and "prostitution" have no common-law meaning, but in their popular sense cover all cases of lewd intercourse. A complaint therefore under How. Stat. § 9098 for enticing

away girls that are not of consenting age for purposes of marriage, concubinage or prostitution will be sustained where lewd intercourse was the object.

Case made from the Recorder's Court of Detroit. (Swift, J.) April 22.—April 29.

Information for enticing female, etc. Respondent was convicted. Affirmed.

Attorney General *Moses Taggart* for the People.

*G. X. M. Collier* and *W. B. Jackson* for respondent, cited *State v. Ruhl* 8 Ia. 447; *Commonwealth v. Cook* 12 Met. 93; *Carpenter v. People* 8 Barb. 603; *State v. Stoyell* 54 Me. 24.

CAMPBELL, J. Respondent was convicted under the statute of enticing away a girl under sixteen years of age for the purpose of prostitution. Various exceptions were taken, but the only point argued was whether there was any case made that the intent was for the purpose named.

The testimony showed that respondent began his contrivances as early as May, 1883, by inviting the girl to visit his photographic rooms, showing her obscene pictures, and giving her small sums of money, and finally had illicit intercourse with her at several times, up to December, when her mother found her there, although he denied her presence, and she was removed. The girl testified to the various acts and circumstances, and to his promise to pay her.

The statute which names as illegal purposes of such enticement of females under the age of consent, includes marriage, concubinage, and prostitution. The last two were evidently intended to cover all cases of lewd intercourse. Neither of these words has any common-law meaning, but both are popular phrases, either of which might be made to cover the crime here shown without any change from general usage. We can see no reason whatever for attempting to narrow them. The statutory purpose is clear, and there is no difficulty in carrying it out.

The conviction was right, and it must be certified to the court below that sentence should pass upon it.

The other Justices concurred.