# APRIL TERM, 1893.*

## The People v. May Wheeler.

*Liquor traffic—Saloon open on Sunday—Complaint—Jurors—Bias
—Challenge for cause.*

1. A complaint alleging that the respondent was on a given day, and at a specified city in the county where the complaint is made, the proprietor of a place where spirituous and intoxicating liquors were by her kept to be sold, said place not being a drug-store, and that she did on the day named, being the first day of the week, commonly called "Sunday," keep her said place, where said liquors were by her kept as aforesaid, open, and did not keep her said place of business closed, as required by law, sufficiently charges the respondent with a violation of 3 How. Stat. § 2283e, which provides that all saloons, etc., and all other places, except drug-stores, where any intoxicating liquors are sold or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called "Sunday;" citing *People v. Robbins,* 70 Mich. 130.

2. A juror in a liquor case, who testifies on his *voir dire* examination that he thinks he has a prejudice against persons engaged in the liquor traffic, and that he has always been down on liquor selling, whether legal or illegal, and that such prejudice might extend to the respondent, and might not be removed, is subject to a challenge for cause, although, after being prompted by the prosecuting attorney with the statement that he did not understand that the juror had a prejudice against the person, but the business, he states to the court that, if the rights of such a person came up to be adjudicated before him as a juror, he would not be prejudiced against him by reason of the fact that he was engaged in that

business; citing *Theisen v. Johns,* 72 Mich. 285; *Brockway v. Patterson,* Id. 122.

Exceptions before judgment from Hillsdale.    (Lane, J.) Argued April 21, 1893.    Decided June 1, 1893.

Respondent was convicted of keeping a saloon open on Sunday.    Conviction reversed.    The facts are stated in the opinion.

· *Ware & Price* and *William C. Chadwick,* for respondent.·

*A. A. Ellis,* Attorney General, and *Spencer D. Bishopp,* Prosecuting Attorney, for the people.

MONTGOMERY, J.    The respondent was convicted of keeping open a saloon on Sunday.    She has appealed to this Court, and assigns numerous errors.

1. It is contended that the complaint charged no offense.    The complaint charged that she was the proprietor of a place where spirituous and intoxicating liquors were by her kept to be sold, said place not being a drugstore, and that she did, on the 29th day of November, 1891, that being the first day of the week, commonly called "Sunday," keep her said place, where said spirituous and intoxicating liquors were by her kept as aforesaid, open, and did not keep her said place of business closed, as required by law.    This charges the offense substantially as described by the· statute.    Section 2283e, 3 How. Stat., provides as follows:

"All saloons, restaurants, bars, in taverns or elsewhere, and all other places, except drug-stores, where any of the liquors mentioned in this act are sold or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called 'Sunday.' "

This complaint was sufficient.    *People v. Robbins,* 70 Mich. 130.    The cases cited by counsel in support of the objections—*People v. Telford,* 56 Mich. 544; *People v. Haas,*

79 Id. 449—have no application, as they were prosecutions for carrying on the business without having paid the tax required by law, and were under other sections of the statute, requiring different averments.

2. Exception was taken to the refusal of the trial judge to allow a challenge to certain jurors on the ground of bias. The case of Juror Metcalf will be sufficient to illustrate the tendency of the rulings. On his examination on the *voir dire* he was asked:

"*Q.* Have you any prejudice against persons engaged in the liquor traffic?

"*A.* I don't know but what I have.

"*Q.* You think you have, do you?

"*A.* Yes, sir; I might, a little of that nature.

"*Q.* Well, would you, if that appears here, would that prejudice you against her, and against her testimony, for instance, if she should be sworn as a witness?

"*A.* No, sir; I don't think it would.

"*Q.* You think you have a prejudice against persons engaged in that business?

"*A.* Yes, sir.

"*Q.* Why do you think you have such prejudice, and state that you would not have prejudice against the respondent if you should find that she was engaged in the same business?

"*A.* Well, I have always been down on liquor selling.

"*Q.* I suppose you mean by that you are down on liquor selling any way, whether it is legal or illegal; isn't that true?

"*A.* Yes, sir; it is, to a certain extent.

"*Q.* Now, you don't feel free and unbiased towards the people who are engaged in selling liquor?

"*A.* No; I don't know as I do.

"*Q.* You have a sort of prejudice against such people?

"*A.* Yes, sir.

"*Q.* Now, if that is so, why is it that you say here now that you would not have a prejudice against the respondent if you should learn from the evidence here, or otherwise, that she was engaged in the same business,—why would not that prejudice extend to her as it does to others engaged in that business?

"*A*. Well, I don't know but what I might be a little prejudiced.

"*Q*. Mr. Metcalf, when I first asked you about this matter, not a very great while ago, you said you were prejudiced against people who were engaged in selling liquor. Then you further said that you would not be prejudiced against this respondent if you should learn that she was engaged in the same business. Then afterwards you said, in your last answer, that you might be prejudiced against her somewhat, or a little prejudiced against her, or words to that effect. Now, is there anything special in the case which would lessen your prejudice against this respondent particularly?

"*A*. I don't know as there is. I have always been down on liquor selling.

"*Q*. Now, when you are sitting upon the trial of a case where a liquor seller is interested as a defendant or a witness, you have a prejudice against that person, have you not, on account of the business in which they are engaged?

"*A*. Yes, sir.

"*Q*. And you can say, can you, that that prejudice would be removed entirely, or at all, in the case of this respondent?

"*A*. I don't hardly believe it would be."

On a further examination by the court he somewhat modified his statement, and stated, in answer to a question by the court, that if the rights of such a person came up to be adjudicated, and he was called upon to pass upon such rights as a juror, he would not be prejudiced against him by reason of the fact that he was engaged in that business; but before this answer was given he was prompted by the prosecuting attorney by the statement, "I don't understand he has a prejudice against the person, but the business." We feel constrained to hold, under the rulings of this Court in *Theisen v. Johns,* 72 Mich. 285, and *Brockway v. Patterson,* Id. 122, that this juror was rendered incompetent by his *voir dire* examination, and that the challenge for cause should have been allowed.

The other questions presented are not liable to arise upon a new trial.

The conviction is reversed, and a new trial ordered.

The other Justices concurred.