## SOUTH v. STATE.

### (*Knoxville.* October 26, 1896.)

1. EVIDENCE. *Letters.*

   Defendant's letters to prosecutrix, tending to explain the relations, feelings, and conduct of the parties, introduced by him on the committing trial, are admissible against him on the trial in the Circuit Court. (*Post, pp. 497, 498.*)

2. ABDUCTION. *What constitutes.*

   One who takes a girl living a chaste and virtuous life towards all except himself, from her father, without his consent, for the purpose of and intending to prostitute her, is guilty of abduction, although he himself had previously had sexual intercourse with her. (*Post, pp. 498–502.*)

   Code construed: § 6462 (S.); § 5370 (M. & V.); § 4618 (T. & S.).

   Case cited and approved: Davis v. Young, 90 Tenn., 304; Tucker v. State, 8 Lea, 622; Scruggs v. State, 90 Tenn., 88.

3. SAME. *Same.*

   One is guilty of abduction where he takes from her parents a girl of previous chaste and virtuous life for two days and nights for purposes of concubinage, spending the nights with her, and keeping her concealed during the day. (*Post, p. 502.*)

   Code construed: § 6462 (S.); § 5370 (M. & V.); § 4618 (T. & S.).

---

FROM SULLIVAN.

---

Appeal from Circuit Court of Sullivan County. H. T. CAMPBELL, J.

THOS. CURTIN, HAL H. HAYNES, and D. T. BAILEY for South.

Attorney-general PICKLE and JOSEPH BURROW for State.

WILKES, J.   Defendant is convicted of abduction and sentenced to twelve years in the State penitentiary, and has appealed.   It appears that he is a man of extensive influence and high standing in his community.   He is a farmer, merchant, Justice of the Peace, deputy marshal, formerly tax collector, and Constable.   He is about forty-four years of age, and has a family—wife and eight children, some of them grown daughters.   The female said to be abducted is the daughter of a near neighbor, about seventeen years of age, whom the defendant had known from her childhood, the associate and companion of his own daughters.

The defense is put broadly upon the ground that defendant is guilty of seduction of the girl, for which he might be made to respond in civil action for damages, but that he is not guilty of the legal offense of abduction, for which he can be punished criminally.   Certain letters written to him by the girl were given in evidence over the defendant's objection, and it is claimed this is error.   It appears that these letters were introduced on the committing trial before the Justice of the Peace by the defendant himself, but, when offered by the State in the Circuit Court, were objected to by him and

13 P—32

read over his objection. It appears that he also wrote letters to the girl, but she states that at his request she burned them, while he kept hers thinking, as he states, that he might at some time need them. While we do not consider these letters as very important, in view of the other testimony in the case, still it was not error to allow them to be read, as explaining the relations of the parties and their feelings and conduct toward each other. They could not have been manufactured for the purposes of the trial, and as an afterthought by the girl, because they were produced by the defendant himself on the committing trial. The letters themselves thoroughly accord with the testimony of the girl in the case.

The Code (M. & V.), § 5370, provides that any person who takes any female from her father, mother, guardian, or other person having the legal charge of her, without his or her consent, for the purpose of prostitution or concubinage, shall, upon conviction, be imprisoned in the penitentiary not less than ten nor more than twenty-one years. Without going into details, it is sufficient to say that while there is some contradictions between his statement and hers, and some slight variance between the testimony of other witnesses on minor points, it satisfactorily appears that early in 1895 the defendant began a systematic effort to overthrow the chastity and virtue of the girl. It also appears as to him she was indiscreet and forward. By kind treatment,

little acts of favoritism, and gradual approaches he ingratiated himself into her good opinion, and she was much about him at his store and at his home, and elsewhere, until their intimacy became a matter of comment and notice in the community, and her indiscretions attracted the attention of her father. It is, we think, clearly proven that he attempted to use drugs and whisky to accomplish his purpose, and did use them to some extent.    The girl's version is that he took advantage of her when under their influence to accomplish his purpose, in his own house, and that afterward she submitted on several occasions to him, at other places.    It clearly appears that in consequence of their relations she became anxious to leave home, and he encouraged her to do so, and promised to arrange for her to go, and did make some preparations to that end. About this time she went to his storehouse and spent two nights in it with him.    Whether she went of her own accord or was signaled and induced to go is a matter of difference between them, but that she remained there for two successive nights with him, in the same room and bed, and spent the intervening day in the woods, can admit of no doubt under this record.    During this time her father became alarmed at her absence and asked the defendant as to her whereabouts, and he swore that he did not know.    A warrant was procured and the storehouse searched, but she was not found. It appears, however, that all the while she was in

the store, or else secreted by the defendant, and kept away from her parents and home for two days and nights, and then was found secreted in the woods, and returned to her home. It is insisted that while all this may be true, there can be no conviction, because the girl at the time was not a chaste woman. An attempt to impeach her character for chastity with other men was made, but utterly failed.

The Circuit Judge charged the jury that if they found beyond a reasonable doubt that the girl was living with her parents a chaste and virtuous life toward all others except defendant, and that defendant willfully took her from· her father without his consent, for the purpose of and intending to prostitute her, then he would be guilty as charged, although it might appear that prior .thereto defendant had had sexual intercourse with her. This, we are of opinion, is good law, and in principle is sustained by the case of *Davis* v. *Young*, 6 Pickle, 304.

The defendant cannot be allowed to take advantage of his acts in seducing the girl to defend himself for enticing or taking her away from her parents and home. It is evident in this case that, no matter what her previous conduct may have been, she had repented, and, at the time she went or was carried to defendant's store, she was attempting, under his advice and direction, to leave the country. It matters not that she went willingly to the store,

if she went under defendant's persuasion for the purpose of leaving or being carried away from her home. *Tucker* v. *State*, 8 Lea, 633; *Scruggs* v. *State*, 6 Pick., 88.

The taking mentioned in the statute does not necessarily imply the use of force, neither is it a question of distance or of time. It does not need to be measured by miles nor computed by days or hours. The vital point is, was she taken by force, fraud, or persuasion beyond the care and control of her parents for the purposes of prostitution or concubinage? In *State* v. *Overstreet*, 43 Kan., where the proof showed that the girl went to the defendant's home when his wife was away; that he showed her attention, gave her presents, and wrote letters to her; and that he stayed in a clubroom over night with her, it was held sufficient to justify a conviction for enticing away for the purpose of concubinage. Enc. L. (2d Ed.), Vol. I., p. 179, note.

A persuades B to leave her father's house and sleep with him for three nights, and then sends her back. A has abducted B. Enc. L., Vol. I., p. 24, note.

In *Slocum* v. *People*, 90 Ill., the evidence showed that the defendant was in the habit of meeting the prosecutrix a short distance from her father's house, and taking her to his house, and having intercourse with her two or three times a week; also that his wife frequently called her into the house for the same purpose. It was held to be a taking for the

purpose of concubinage. Enc. of L. (2d Ed.), Vol. I., p. 178, note.

It is certain that defendant concealed the girl, and kept her away from her parents, and her parents away from her, for two days and nights, for purposes of concubinage, and this would make the crime, even if he had not planned and prepared to take her to Texas. The Court's charge was exceedingly favorable to defendant, inasmuch as he told the jury that if she went to the store of her own accord, without being induced or persuaded by defendant, and there agreed to intercourse, he would not be guilty.

We are of opinion the defendant not only seduced the girl, but that, under the facts as proven, he is also guilty of the crime of abduction, and the judgment of the Court below must be affirmed.