## Raphael Lopez v. The State.

### No. 2412.   Decided April 16, 1913.

**1.—Abduction—Prostitution—Definition of Offense.**

Under article 1060, Penal Code, it was intended to make it an offense for a person to take a girl under fourteen years away from her parents for the purpose of having carnal intercourse with her individually, as this would constitute a prostitution of the girl.

**2.—Same—Other Offense—Rape.**

The offense of abduction can be committed although no act of intercourse takes place, and although defendant might have been charged with rape, if intercourse was had, the State could elect and charge defendant with a lesser grade of the offense.

**3.—Same—Age of Prosecutrix.**

Under article 1060, Penal Code, the female must be under the age of fourteen years to constitute the offense of abduction, and where the evidence conclusively showed that she was over the age of fourteen years at the time of the alleged abduction, the conviction could not be sustained.

**4.—Same—Age of Prosecutrix—Evidence.**

Where the witness did not know anything about the date of prosecutrix's birth, he should not have been permitted to testify that she appeared to be under fourteen years of age.

Appeal from the District Court of Travis. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of abduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*H. P. Shead* and *S. J. Dotson,* for appellant.—On question of court's charge on prostitution and definition of offense: Ramey v. State, 39 Texas Crim. Rep., 200; Haygood v. State, 98 Ala., 61; U. S. v. Zes Cloya, 35 Fed. Rep., 493; Carpenter v. People, 8 Barb., 603; State v. Goodwin, 6 Pac. Rep., 899; State v. Stoyell, 54 Me., 24; State v. Brow, 15 Atl. Rep., 216; State v. Gibson, 19 S. W. Rep., 980; State v. Clark, 43 N. W. Rep., 273; Fahnestock v. State, 1 N. E. Rep., 372; Davis v. Sladden, 21 Pac. Rep., 140.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Defendant was charged with the offense of abduction under article 1060 of the Penal Code in that he did take a girl under fourteen years of age from her parents for the purpose of prostituting her.

Defendant earnestly insists that the word "prostitution" used in this article of the code should be given its broad signification,—that is for the purpose of indiscriminately selling her person to others. This we do not think the intent of the Legislature, but it was intended to make it an offense for a person to take a girl away from her parents for the

purpose of having carnal intercourse with her individually—this would be a "prostitution" of the girl.

It is also insisted that if he had intercourse with her this would constitute rape. This may be true, but the indictment in this case does not charge that appellant had intercourse with the girl, but only that he took her away from her parents "with the intent and for the purpose to force her into prostitution," and the offense of abduction can be committed even though an act of intercourse never took place. The State can carve but once, and if it elects to charge one with the lesser grade of offense when he could be indicted for either of two offenses, he can not be heard to complain.

We have carefully read and considered each ground assigned and none of them present error, unless it be that the evidence shows that the girl was not only not under fourteen years, but demonstrates affirmatively that she was over that age. Her father swears that she was born April 6, 1899, and if this is true she would be under that age. But on cross-examination he states that at the time of her birth he was living at Millett, Texas; that he moved from there to Martindale, where he lived for three years, then at Luling three years; that he lived in and around San Antonio one year, and then another year at Martindale, and then went to Louisiana, where he remained five years, and then another year at Martindale and then to Austin, where he had been four years at the time of the commission of this offense. This would make her eighteen years of age.

Her mother testified the girl was born in the year "29" and then says since the girl's birth they have lived at Millett; then at Martindale three or four years; then at Luling two years, then six months at San Antonio and then at San Marcos and Martindale four or five years, and then in Louisiana one year, and four years in Austin. This would make the girl at least seventeen years old at the time the offense was committed.

Under the allegations in the indictment and the charge of the court the girl must have been under fourteen years of age or he would not be guilty of the offense with which he was charged.

There is no doubt defendant's conduct was very reprehensible but this does not render him guilty of the offense charged against him, and in this case he can only be tried for that offense.

To our mind the evidence conclusively shows that the girl was more than fourteen years of age at the time she was carried away by appellant, and by the testimony we must be governed.

It was improper to permit an officer to testify that the girl had the appearance of being under fourteen years of age. This officer did not know anything about the date of her birth; he had no intimate association with her, and is not shown to have ever seen her before the date of the alleged offense.

Because the testimony as adduced on this trial would not authorize

a finding that the girl was under fourteen years of age, the judgment is reversed and cause remanded.

*Reversed and remanded.*