## STATE v. ROGER MARSH.[1]

January 25, 1924.

No. 23,844.

**Abduction statute construed.**
"Prostitution," as used in the statute defining abduction, does not refer to sexual intercourse with a defendant alone, but to an offering of the female person to an indiscriminate intercourse with men.

Defendant was indicted by the grand jury of Otter Tail county charged with the crime of abduction, tried in the district court for that county before Parsons, J., who at the close of the testimony denied defendant's motion to direct the jury to return a verdict of not guilty, and a jury which found him guilty as charged in the indictment. From the judgment of conviction and from an order denying his motion for a new trial, defendant appealed. Reversed.

*Anton Thompson*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Leonard Eriksson*, County Attorney, for respondent.

STONE, J.

Defendant appeals from his conviction of the crime of abduction. The statute under which defendant was convicted is section 8659, G. S. 1913, providing in part that "every person who shall take a female under the age of eighteen years, for the purpose of prostitution or sexual intercourse, * * * shall be guilty of abduction." The indictment accused defendant of abducting his youthful victim "for the purpose of prostitution." The jury was charged as follows:

"Prostitution as used in * * * the statute * * * has substantially the same meaning as the words sexual intercourse.

[1]Reported in 196 N. W. 930.

\* \* \* The state is required to prove that the defendant's purpose was to subject this girl \* \* \* to sexual intercourse with him, this defendant."

There was no proof that the girl was taken for any purpose other than the satisfaction of defendant's lust. The record does not even suggest that he proposed to offer her, or to cause her to offer herself, to other men.

In that situation, the conviction is attacked upon the ground that there is no proof to support it, and that defendant has been deprived of his constitutional right "to be informed of the nature and cause of the accusation" against him. Const. Minn. article I, § 6.

The opinion of the learned trial judge, as expressed in his charge and restated in the memo accompanying the order denying a new trial, was based upon these cases (the question never having been passed upon by this court): Lopez v. State, 70 Tex. Cr. 71, 156 S. W. 217; People v. Cummons, 56 Mich. 544, 23 N. W. 215; Henderson v. People, 124 Ill. 607, 17 N. E. 68, 7 Am. St. 391; South v. State, 97 Tenn. 496, 37 S. W. 210.

In Lopez v. State, 70 Tex. Cr. 71, 156 S. W. 217, the word prostitution, in a statute defining abduction, was held to include carnal intercourse between the defendant and his victim. The numerous authorities contra were not even mentioned, possibly because their consideration was not necessary, it being held that the conviction had to be reversed upon another ground, the evidence having failed to show that the victim was under the statutory age.

In People v. Cummons, 56 Mich. 544, 23 N. W. 215, the defendant was convicted of abduction for the purpose of prostitution. The girl testified among other things to the defendant's promise to pay her for her compliance with his wishes. The only point argued was whether any case was made "that the intent was for the purpose named." The court said [at page 545]:

"The statute which names as illegal purposes of such enticement of females under the age of consent, includes marriage, concubinage and prostitution. The last two were evidently intended to cover

all cases of lewd intercourse. Neither of these words has any common-law meaning, but both are popular phrases, either of which might be made to cover the crime here shown without any change from general usage. We can see no reason whatever for attempting to narrow them. The statutory purpose is clear, and there is no difficulty in carrying it out."

The opinion makes no mention of the cases to the contrary, cited to the court from Iowa, Massachusetts, New York and Maine.

In Henderson v. People and South v. State we cannot find any attempt to make "prostitution," standing alone in a criminal statute, include the less indiscriminate vices ordinarily denominated by such terms as lewdness or concubinage.

The overwhelming weight of authority is to the effect that prostitution is not synonymous with concubinage and other terms indicating a more restricted degree of abandonment.

In the early case of Com. v. Cook, 12 Metc. 93, the supreme court of Massachusetts was of the opinion [page 98], "that the offence made punishable by this statute is something beyond that of merely procuring a female to leave her father's house for the sole purpose of illicit sexual intercourse with the individual, * * * that she must be enticed away with the view and for the purpose of placing her in a house of ill fame, place of assignation or elsewhere, to become a prostitute."

The other cases to the same effect are cited in 6 Words and Phrases, 5740, 5741. They include decisions from Maine, Alabama, Kansas, Indiana, New Hampshire, New York, Iowa, Massachusetts and California.

Independently of authority, the problem appears to us in this light. It is elementary that the legislature is considered to have used common words in their ordinary meaning. We cannot assume, in order to sustain an indictment and conviction, that words, having a common and generally accepted significance, have been used in such an unusually broad fashion as to include cases clearly beyond their ordinary meaning.

Except as already indicated, lexicographers and judges agree that the word prostitution, as ordinarily used in its application to

lewd women, does not refer to sexual intercourse with but one man. However illicit the relation may be, so long as a woman remains faithful to one lover and is motivated only by affection or passion and not pecuniary gain, she is not, in the language of ordinary folk, termed a prostitute. The Websterian definition goes no farther. It is that prostitution is "the act or practice of prostituting or offering the body to an indiscriminate intercourse with men; common lewdness of a female."

However unkind it may be to her, the word still has gentler characterizations for the woman (particularly the girl) who has yielded to but one man, than the harsh appellation, "prostitute." That is reserved for her who is so far gone that she offers herself indiscriminately. The element of hire need not be present. State v. Clark, 78 Iowa, 492, 43 N. W. 273.

Whatever the purpose may be, the taking constitutes the offense of abduction which is complete even though the purpose is never accomplished. Nevertheless, the purpose of the taking is the thing which makes it the crime of abduction. It is therefore the gravamen of the offense. That it is the most serious element in the charge against the accused, is too clear for argument.

It may be one thing to defend against a charge of taking for prostitution, and quite another to defend against a charge of taking for the purpose of illicit intercourse with the accused. The two accusations are so different in nature that the defense against them, and it may be of one innocent of any crime, will require very different lines of preparation and entirely different groups of witnesses.

We are therefore constrained to a reversal. If we were dealing with a matter of procedure or a mere technicality of pleading, we would come undoubtedly to the other result for the evidence is convincing of defendant's guilt, but of a crime very different from that with which he was charged. The error is fundamental and goes to a constitutional right of an accused. Therefore we cannot overlook it.

Judgment reversed.