BOVE *v.* STATE.

(Division B. May 8, 1939. Suggestion of Error Overruled June 12, 1939.)

[188 So. 557. No. 33650.]

Harry K. Murray, of Vicksburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

552

Argued orally by **Harry K. Murray,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**McGehee, J.,** delivered the opinion of the court.

The appellant having been indicted in the circuit court of Warren county on a charge of arson, the cause was transferred to the county court where he was tried, con-

victed and sentenced to serve a term of four years in the state penitentiary.

One of the principal errors assigned for a reversal of the case on this appeal is that the state was permitted to introduce a witness, Jack Wright, the father-in-law of the appellant, and to treat him as an adverse witness and cross-examine him, with a view of later contradicting him, if necessary, without it first appearing that the witness had proven hostile to the state.

It appears that the appellant's store building, a two-story frame structure, for which he had paid the sum of $3750 in cash shortly before the alleged commission of the crime, was destroyed by fire at about 1:30 or 2 o'clock A. M., at a time when the building and the stock of goods situated therein were insured for the total sum of $9500; that at about 10:30 or 11 o'clock P. M. on that same night, the witness, Jack Wright, at the instance and with the assistance of the appellant, removed from the store building a large quantity of merchandise, as well as the computing scales which had been used in the store by the appellant, and loaded them on his truck, wherein they were hauled several miles away to where the witness resided; and that this witness was induced to give the officers an inventory of these goods, embodied in a signed and sworn statement covering the facts and circumstances under which the merchandise and scales had been removed from the store of appellant. He was introduced by the state at the trial and questioned at length in regard to this statement, and whereupon he admitted the correctness of the inventory, but claimed that it was untrue, as asserted in the statement, that the appellant told him on that night that he intended to burn the store. When this witness was introduced a request was made of the court by the prosecution for permission to cross-examine him, and to which request the appellant then interposed no objection. After he was cross-examined at considerable length, the county prosecuting attorney asked in the presence of the jury

that the witness be committed to jail as a palpable perjurer since his sworn statement and testimony before the grand jury was claimed to be in conflict with his testimony at the trial. Thereupon, the appellant objected to this procedure and made a motion that a mistrial be entered. The county attorney then asked leave to withdraw the request, and the district attorney moved to exclude it from the consideration of the jury, and to all of which the appellant objected on the ground that a motion for a mistrial was pending. Thereupon, the court permitted the request of counsel to be withdrawn and stated to the jury: "Gentlemen of the Jury, you are instructed by the court not to consider in any manner, shape or form the remark made by counsel to the court or anyone else, in your presence, that he wanted to have the witness Wright committed under a charge of perjury. Do not let that affect you in any way whatsoever in arriving at your verdict. The remark was made improperly by counsel and is excluded in so far as your consideration of same is concerned. Bear that in mind, if you please, when you retire to make your verdict." The motion for a mistrial was then overruled.

The prosecution was not entitled to introduce and cross-examine the witness Jack Wright as an adverse witness in the absence of some showing that the prosecuting attorneys had been taken by surprise at his testimony or that he had proven to be hostile. However, no objection was interposed to this course, as heretofore stated, and the State was permitted to cross-examine the witness fully, with reference to the correctness of the inventory, and had testified to the facts and circumstances under which he removed the goods from the store, all without objection until the request was made that he be committed to jail for perjury.

We are therefore of the opinion that the errors hereinbefore mentioned were waived by the failure of the appellant to object in the first instance to Jack Wright being introduced and cross-examined as an adverse wit-

ness; and in the second instance by the court's statement to the jury hereinbefore quoted.

The trial court's refusal of an instruction requested by the appellant to the effect that the testimony of certain rebuttal witnesses contradicting the witness Jack Wright as to whether he had said that the appellant told him he was going to burn the store should not be considered by the jury as any evidence of the guilt or innocence of the appellant, but only as going to the credibility of the witness Jack Wright, is also assigned as error. While this instruction should have been given, we do not think that in view of all of the other instructions in the case the failure to grant it constitutes reversible error. The substantive testimony given by numerous other witnesses as to the facts and circumstances surrounding the alleged commission of the crime, even though circumstantial, when considered in connection with the removal of the merchandise, etc., as seen by them, was amply sufficient to warrant the jury in finding the appellant guilty. Neither do we think that the other errors complained of are of sufficient merit to justify a reversal of the case.

Affirmed.