197 So.2d 469 (1967)
Booker T. HAMILTON
v.
STATE of Mississippi.
No. 44349.
Supreme Court of Mississippi.
March 27, 1967.
*470 A.S. Scott, Jr., Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
*471 BRADY, Justice:
Appellant, Booker T. Hamilton, was indicted, tried and convicted in the Circuit Court of the Second Circuit Court District of Jones County, Mississippi, on a charge of perjury and was sentenced to serve three years in the Mississippi State Penitentiary. From that judgment and sentence this appeal is prosecuted. The essential facts are as follows.
On August 27, 1965, appellant appeared before R.E. Parker, Justice of the Peace of District One, Jones County, Mississippi, and signed an affidavit charging Paul Davis with larceny of appellant's Cadillac automobile which was valued at more than $25. A warrant was issued pursuant to the affidavit, and Paul Davis was arrested.
On September 1, 1965, Davis was brought before Justice Parker where a hearing was held. At the hearing appellant frankly advised the court that he and his secretary, Annie Ruth Wells, and Paul Davis, who had acted as appellant's chauffeur, had driven to Jackson, Mississippi, on August 25, 1965, and that it was in Jackson that his car was stolen. This was in direct contradiction of the affidavit which appellant had previously signed in which he had stated that the automobile was stolen at his home in Laurel.
At the hearing before Justice Parker it was shown that upon arriving in Jackson, Davis took the automobile with the knowledge and consent of appellant in order to attend to some personal business. The automobile bore an Alabama tag, and while driving in Jackson, Davis was stopped by police and arrested for driving without a proper tag. He was carried to the police station and, while there, a finance company picked up the car because of appellant's failure to make payments previously due thereon. The hearing further showed that appellant and his secretary returned to Laurel on the bus on August 26. The following day appellant signed the above affidavit charging Davis with the theft of the automobile. When it became apparent that Davis was not guilty of grand larceny, Justice Parker wrote upon the face of the affidavit "Found not guilty" and dismissed the charges, refusing to bind Davis over for consideration by the grand jury.
On September 21, 1965, appellant was indicted and subsequently tried and convicted for wilfully, unlawfully and feloniously making a false affidavit before Justice Parker charging Paul Davis with the theft of appellant's automobile. The indictment upon which appellant was convicted reads as follows:
The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn and charged to inquire in and for the Second Judicial District of Jones County, State of Mississippi, at the term aforesaid, of the Court aforesaid, in the name and by the authority of State of Mississippi, upon their oaths, present that
BOOKER T. HAMILTON
on the 27th day of August, 1965 in the County and District aforesaid did wilfully, unlawfully, and feloniously make a false affidavit before R.E. Parker, Justice of Peace of Beat One, Jones County, Mississippi, of a charge of Grand Larceny to-wit: that Paul Davis had taken, stolen, and carried away his "1965 White Cadillac Automobile" in Laurel, Mississippi, and that the said BOOKER T. HAMILTON knew said affidavit to be false in that he had accompanied the said Paul Davis and another on a trip in said automobile from Laurel, Mississippi, and that such affidavit was under oath and filed in the Justice of Peace Court and that the said BOOKER T. HAMILTON did wilfully and corruptly swear to a material matter therein under oath before the said R.E. Parker Justice of Peace of Beat One of Jones County, Mississippi, and a copy being attached hereto and made a part hereof as if copied herein fully in words and figures, and, *472 against the peace and dignity of the State of Mississippi.
 HILLARD HINTON
 FOREMAN OF THE GRAND JURY
 W.O. DILLARD
 DISTRICT ATTORNEY
Three assignments of error are urged by appellant, the first being that the trial court erred in refusing to grant an instruction to the effect that the justice of the peace court had no right to try a grand larceny case. There is no merit in the contention that the court erred in refusing to grant appellant this instruction since the record discloses that the justice of the peace court did not even attempt to try Davis for the crime of grand larceny. The record discloses that R.E. Parker has had many years experience as justice of the peace and knew full well that he did not have the authority to try a defendant charged with a felony. Furthermore, he did no more than he was required to do, namely, hear the evidence and determine whether there was probable cause to conclude that Davis had committed a felony. Justice Parker determined that the proof was insufficient to show such probable cause and, therefore, it was encumbent upon him to release Davis rather than bind him over to await the grand jury's action. While it is true Justice Parker wrote the words "Found not guilty" on the affidavit which appellant had made, the proof shows that this actually amounted to nothing more than a dismissal of the charges.
The second error urged by appellant is that the trial court erred in permitting the district attorney to attempt to impeach his own witness by asking about other crimes supposedly committed by appellant. The record discloses that the State placed upon the witness stand Annie Ruth Wells, whom appellant's attorney described as his "so-called secretary." On cross-examination by appellant's attorney this witness was asked, over the objection of the State, if she knew appellant's reputation for truth and veracity in the community where he lives. She replied, "Yes, sir, it is good." Over the State's objection appellant's attorney then asked:
"Q Do you know whether Booker T. (appellant) has been in any serious trouble with the law in the past?"
To this she replied, "No, sir."
The court sustained the objection. After various attempts the court permitted appellant's attorney to ask:
"Q Has Booker been convicted of any crime involving moral turpitude since you have known him?"
The witness replied, "No, sir."
The court then permitted the State to ask the witness:
"Q Annie Ruth, I will ask you if you know whether or not Booker T. was convicted in New York, New York on the 27th day of December, 1961 for what they call policy and received a fine and sentence out of that conviction. Did you know that?"
Appellant maintains that in allowing this question by the State the trial court committed grievous error. We find no merit in this contention.
At the outset, it is elemental law that the State cannot show the general reputation of an accused unless the accused first places his reputation in evidence. Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Murray v. State, 52 So.2d 288 (Miss. 1951); McGee v. State, 50 So.2d 394 (Miss. 1951). Appellant, however, opened the question of his good character by showing on cross-examination of Annie Ruth Wells that his reputation for truth and veracity was good. In such cases the prosecution may introduce evidence in rebuttal and may, within limits, elicit evidence of the accused's bad character by cross-examination of the witness who testified as to his good character. *473 22A C.J.S. Criminal Law § 676 at 701-702 (1961). Ordinarily an issue with respect to the character or general reputation of the accused is raised by the accused's counsel offering testimony thereof, but the issue can be raised in other ways. Sabo v. State, 119 Ohio St. 231, 163 N.E. 28 (1928).
In Brethern v. State, 191 Miss. 151, 2 So.2d 798 (1941), this Court held that where the defendant asked the prosecution witness on cross-examination about the defendant's reputation for peace or violence, he thereby placed his reputation in issue, and, after himself introducing witnesses who testified on the question, could not complain of the introduction of evidence of his general reputation by the State. There is no merit in appellant's contention that the prosecuting attorney was trying to impeach his own witness by asking whether appellant had been convicted in New York on a policy or numbers charge. The State did nothing more that was permissible since appellant's character had already been placed in issue.
The cases of Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966), Bove v. State, 185 Miss. 547, 188 So. 557 (1939), and Rutland v. State, 170 Miss. 650, 155 So. 681, 156 So. 520 (1934), upon which appellant relies, state accurate rules of law. However, they are not applicable here since they relate to admitting testimony regarding previous crimes allegedly committed by a defendant and the prohibition against a district attorney cross-examining his own witness as an adverse witness in the absence of a showing that the State had been taken by surprise or that the witness had proved to be hostile. In the case at bar counsel representing appellant first injected appellant's character and reputation into the proceedings in his cross-examination of the State's witness. Not satisfied with the witness' response, counsel for appellant went further and asked whether appellant had been convicted of any crime involving moral turpitude since the witness had known him, to which she replied, "No, sir." Having opened the door insofar as appellant's character and reputation are concerned, the appellant cannot now close the door and prevent rebuttal testimony with reference thereto by the State. It is an odd rule indeed that works only in favor of one litigant.
The third error urged by appellant is that the lower court erred in not quashing the indictment and in refusing to grant a peremptory instruction requested by appellant. Appellant contends that the indictment is defective because it failed to set out that the theft of the automobile took place in Jackson and not in Laurel, Mississippi, as appellant had alleged in his affidavit. The basic rule with respect to the sufficiency of an indictment, in the absence of constitutional or statutory provisions imposing a stricter rule, is that it must present in clear and positive language all the ingredients of the offense of which the accused is charged with such definiteness and certainty as fully to apprise the accused of the nature and cause of the accusation against him and to enable him to prepare to meet it at his trial. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Robinson v. State, 69 Fla. 521, 68 So. 649, L.R.A. 1915E, 1215 (1915).
While it is the general rule that indictments are to be construed strictly, a reasonable interpretation of the language employed in stating the offense is always permissible. State v. Minneapolis Milk Co., 124 Minn. 34, 144 N.W. 417, 51 L.R.A., N.S., 244 (1913). It is a recognized rule also that what is written in an indictment must be read in the light of the circumstances under which it was found. In determining the sufficiency of the indictment, it must be read as a whole, and general allegations must be deemed to be controlled and qualified by the allegations of specific facts upon which the general allegations are predicated. Butzman v. United States, 205 F.2d 343 (6th Cir.1953); State v. Farrington, 59 Minn. 147, 60 N.W. 1088, 28 L.R.A. 395 (1894); People v. *474 Bogdanoff, 254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378 (1930).
The true test is not whether the indictment could possibly be made more definite and certain, but whether it contains every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. An additional test is whether, in case other criminal proceedings are taken against the defendant based on the same matters, the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of the later proceedings. State v. Ensley, 177 Ind. 483, 97 N.E. 113 (1912). Under the foregoing authorities, we cannot say that the indictment in the instant case was defective and that the court erred in overruling appellant's motion to quash.
Furthermore, the fact that Mr. Hillard Hinton, foreman of the grand jury which indicted appellant, had also served on a petit jury in the Circuit Court of Jones County in March 1965 did not vitiate the indictment and make it subject to be quashed. The prohibition in Mississippi Code Annotated section 1762 (Supp. 1964) specifically relates to talesmen or tales jurors who have served in the two preceding years. It does not prohibit a qualified elector from serving as a grand juror or as foreman of a grand jury. In addition, Mississippi Code Annotated section 1798 (1956) provides as follows:
All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury.
The error assigned upon which the outcome of this case must finally depend is whether the trial court erred in failing to sustain appellant's motion for a peremptory instruction. Appellant strenuously urges that the charge of perjury was not sufficiently proved by two witnesses or one witness and corroborating circumstances as required by Nash v. State, 244 Miss. 857, 147 So.2d 499 (1962). Mississippi Code Annotated section 2315 (1956) provides as follows:
Every person who shall wilfully and corrupty (sic) swear, testify, or affirm falsely to any material matter under any oath, affirmation, or declaration legally administered in any matter, cause, or proceeding pending in any court of law or equity, or before any officer thereof, or in any case where an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or in any matter or proceeding before any tribunal or officer created by the Constituition or by law, or where any oath may be lawfully required by any judicial, executive, or administrative officer, shall be guilty of perjury, and shall not thereafter be received as a witness to be sworn in any matter or cause whatever, until the judgment against him be reversed.
In order to show that he wilfully and corruptly swore to a material fact, it is necessary that the person charged with the offense knows the fact to be untrue and corruptly and intentionally, and in a manner that is morally and wilfully false, makes the affidavit or commits the perjury. It is not sufficient to show that he was merely mistaken. See State v. Gobin, 134 Kan. 532, 7 P.2d 57 (1932); 70 C.J.S. Perjury § 1(b) (1951).
In 41 American Jurisprudence Perjury section 10 (1942) the rule with reference to perjury is stated as follows:
The rule prevails in most jurisdictions that a rash or inconsiderate statement without a manifestly corrupt motive cannot be made the basis of a prosecution for perjury. A reckless statement made in ignorance of its falsity, but with an *475 honest, although unreasonable, belief in its truth, is not perjury; according to this viewpoint, a witness is immune from prosecution for the offense where he swears honestly to testimony which he believes to be true, even though a little diligence will enable him to discover its falsity. * * *
In 70 C.J.S. Perjury § 17(2) (1951) we find the following language:
A false statement which was obviously the result of an honest mistake, such as one which has been made inadvertently or under agitation, is not perjury.
See Seymour v. United States, 77 F.2d 577, (8th Cir.1935); Hicks v. State, 67 Ga. App. 475, 21 S.E.2d 113 (1942); People ex rel. Hegeman v. Corrigan, 195 N.Y. 1, 87 N.E. 792 (1909).
After a careful examination of the record in this case it is our conclusion that appellant had reasonable grounds to believe that his automobile had been stolen by Paul Davis. Appellant remained in Jackson, Mississippi, from August 25 until the night of August 26. After his return to Laurel, on August 27 he was not able to find the automobile. He was naturally agitated by these circumstances and assumed that it had been stolen by Davis. We cannot say that under such circumstances he acted unreasonably. We find no evidence that appellant knew or by the exercise of reasonable diligence should have known that the statements in his affidavit were false. At most, his statements were the result of an honest mistake made under agitation. Since the State failed to establish beyond a reasonable doubt the material allegations in the indictment, the motion for a peremptory instruction should have been sustained. For the failure to do so, the judgment of the trial court is reversed and judgment is rendered here for appellant.
If any grains of wisdom are to be gleaned from appellant's sad experience, they are that when taking a newly acquired secretary on a motor trip, do not grant your chauffeur carte blanche use of your automobile, especially when it bears a mendacious license plate and is sought to be repossessed by a finance company.
Reversed and judgment here for appellant.
ETHRIDGE, C.J., and RODGERS, PATTERSON and SMITH, JJ., concur.