KITCHENS, Justice,
Specially Concurring:
¶ 64. While I agree with the majority’s ultimate judgment, I feel obliged to write separately to address a troublesome complication in the indictment.
¶ 65. Although the defendant frames the issue in the context of a jury instruction, I cannot overlook the curiously-drafted indictment’s coming dangerously close to omitting an essential element of murder: that is, that the defendant killed the victim.[6] As the majority correctly observes, Mississippi Code Section 99-7-37 sets forth explicitly and succinctly all that is necessary to charge an accused person with non-capital murder. Maj. Op. at ¶ 11, n. 3. In this case, however, the drafter of the indictment apparently undertook to improve upon this time-tested, simple, and sufficient language. This indictment alleges that Neal “did willfully, unlawfully, and feloniously decapitate Lakeshia Cleveland, a human being; Jermaine Neal acted with the deliberate design to effect the death of Lakeshia Cleveland, in direct violation of Section 97 — 3—19(l)(a).” (Emphasis added.)
¶ 66. By failing to track the clear and simple statutory language that has worked for legions of Mississippi prosecutors in thousands of murder cases, the State risked violation of the basic constitutional right that the defendant have notice of the specific charge brought by the grand jury. U.S. Const, amend. VI (“In all criminal prosecutions, the accused shall enjoy the right to ... be informed of the nature and cause of the accusation.... ”); U.S. Const, amend. XIV; Miss. Const, art. 3, § 26 (“In all criminal prosecutions, the accused shall have a right ... to demand the nature and cause of the accusation.... ”). Had the defendant demurred to the indictment in this case, a conscientious trial judge likely would have had as much difficulty in not granting it as this writer has had in stopping short of saying that the failure to file such a pleading constituted ineffective assistance of counsel.
¶ 67. This Court has recognized that, although indictments are to be construed strictly, “a reasonable interpretation of the language employed in stating the offense is always permissible,” and the indictment will be sufficient as long as, when read as a whole, “it contains every element of the *412 offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.” Hamilton v. State, 197 So.2d 469, 473-74 (Miss.1967). The majority opinion correctly finds the indictment sufficient “because decapitation is a certainly deadly act when done with the deliberate design to effect the death of a human being.” Maj. Op. at ¶ 11, n. 2. Obviously, decapitation is a deadly act only if the victim is still alive when beheaded, and post-mortem decapitation would constitute only mutilation of a corpse, not murder.[7] The indictment is saved, not by the word decapitate, but by the words a human being and the phrase to effect the death of. From this verbiage, it is sufficiently implied that the victim was alive at the time of decapitation, and thus, the decapitation was a “killing] and murder.” Miss.Code Ann. § 99-7-37 (Rev.2007). Thus, in the present case, the indictment as a whole is minimally sufficient to alert the defendant that he is being charged with murder.
¶ 68. However, I would caution prosecutors to follow strictly the language found in Section 99-7-37 in order to avoid unnecessary confusion, or potential due process violations in noncapital murder cases. The notice provisions contained in our constitutions are a fundamental necessity of our eriminal justice system, and the state legislature and this Court have provided a simple but sure recipe for the preparation of non-capital murder indictments. See Miss.Code Ann. § 99-7-37 (Rev.2007); Winston v. State, 127 Miss. 477, 485, 90 So. 177, 178 (1922) (“[I]t is expressly provided by statute that it shall be sufficient to charge in an indictment for murder that the defendant did feloniously, wilfully, and of his malice aforethought, 3dll and murder the deceased.”). The potential for clue process abuses is easily avoided when the State simply tracks the language of Section 99-7-37 in its murder indictments, adding, of course, the name of the decedent, describing him or her as a human being, and concluding in the manner required by Article 6, Section 169 of the Mississippi Constitution of 1890: “... and all indictments shall conclude ‘against the peace and dignity of the state.’ ”
CARLSON AND GRAVES, P.JJ., DICKINSON AND CHANDLER, JJ„ JOIN THIS OPINION. RANDOLPH, J„ JOINS THIS OPINION IN PART.

. Even if the defendant did not directly raise the sufficiency of the indictment, or lack thereof, this Court would be required to review the issue under the plain-error doctrine as it affects a fundamental, substantive right.

. Notably, the autopsy report indicates that this decapitation occurred post-mortem.